MISSOURI COAL AND MINING COMPANY v. LADD et al., Appellants.

Division Two, February 26, 1901.

1. **Waiver:** INSTRUCTION AS TO FACT: NO EXCEPTION. Where the court, without objection or exception on defendant's part, gave an instruction "that under the evidence in this case the plaintiff corporation has not since April 21, 1891, transacted or continued any business in this State as contemplated by the legislative Act of April 21, 1891, and, hence, the jury are not to consider the question of whether plaintiff has complied with the law compelling foreign corporations to have a place of business in this State," etc., it will be held that the defendant waived its objection to such instruction by not excepting to its being given at the time, and will not be in a position to insist, on appeal, that plaintiff at the trial was doing business in this State.

2. **Foreign Corporation:** DOING BUSINESS IN THIS STATE: FILING CHARTER, ETC. The leasing of coal lands for agricultural purposes and the paying of taxes upon the same, by a corporation chartered for "the mining and sale of coal, and the manufacture of coke therefrom," is not doing business as a corporation in this State within the meaning of the Act of April 21, 1891, requiring "a foreign corporation doing business in this State to have a public office or place of business in this State," "to file its charter with the Secretary of State." Nor is the bringing of a suit in the courts of this State by such corporation "doing business within this State" within the meaning of such act.

3. ——— : ——— : ENTITLED TO BRING SUIT. A foreign corporation organized for the purpose of mining coal and manufacturing coke therefrom, but having not done either within this State since the Act of April 21, 1891 (Rev. Stat. 1899, sec. 1024 et seq.), went into effect, having, however, some land within this State which it leases for agricultural purposes, and used by it for the purposes of its organization prior to the enactment of said act, but not since, is entitled to maintain a suit in the courts of this State, although it has no public office or place of business in this State, and has not filed its charter with the Secretary of State, etc.

4. **Suit on Bond:** ATTORNEY'S FEES. The way to have presented for the consideration of the court the fact that the court allowed the obligees in a bond, judgment for money which they had never paid, was by instruction.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*Upton M. Young* for appellants.

(1) Plaintiff's replication shows it had not complied with the law; for this reason appellants' motion in arrest of judgment should have been sustained. (2) The evidence shows that plaintiff had been for many years, and was at time of trial, doing business as a corporation, through its agent in Missouri, and that it had never pretended to comply with the law. (3) The court erroneously included in its judgment for plaintiff eight hundred dollars which it had never paid to Judge McLaughlin. Geo. T. Murdock's deposition upon this point reads: "Of the $1,500 fees charged by Judge McLaughlin, the Company has already paid him $700, and they are indebted to him for the balance of $800, which they expect shortly to pay." Comment seems unnecessary. (4) The validity of this character of law laid down in our statutes

(Acts of 1891, p. 76, sec. 3), is well established. The law reads: "In addition to the penalty, on and after the going into effect of this act, no foreign corporation, as above defined, which shall fail to comply with this act, can maintain any suit or action, either legal or equitable, in any of the courts of this State, upon any demand, whether arising out of contract or tort." Carson-Rand Co. v. Stern, 129 Mo. 381; Taber v. Interstate Building & Loan Association, 40 S. W. 954; Mc-Canna & Frazier Co. v. Citizens Insurance & Trust Co., 74 Fed. Rep. 597; Huffman v. Western Mortgage & Investment Co., 36 S. W. 306; Gilbert v. Insurance Company (Iowa), 44 Pac. Rep. 442; Haworth v. Montgomery, 91 Tenn. 16; Cary-Lombard Lumber Co. v. Thomas, 92 Tenn. 587.

*John H. Overall* and *R. H. Norton* for respondent.

The only question in this case is, whether, under the pleading and evidence, respondent being a foreign corporation organized for the purpose of mining coal and manufacturing coke therefrom, but not having done either since the Act of April 21, 1891, went into effect, having, however, some land in Lincoln county, Missouri, used by it for the purposes of its organization prior to April 21, 1891, but not since, is entitled to sue in the courts of this State.

BURGESS, J.—This is an action upon an attachment bond executed by defendants to plaintiff in a suit in the circuit court of the United States for the Eastern Division of the Eastern District of Missouri, wherein the defendant Ladd was plaintiff, and the plaintiff in this suit was defendant. The penal sum in the bond was $69,500, and its conditions as follows: "That, Whereas, William M. Ladd is about to institute a suit in the circuit court of the United States for

the Eastern Division of the Eastern Judicial District of Missouri, by attachment, against the Missouri Coal and Mining Company, defendant, for the sum of $34,675; now, if said plaintiff shall prosecute his action without delay, with effect, refund all sums of money that may be adjudged to be refunded to the defendant, or found to have been received by the plaintiff and not justly due him, and pay all damages that may accrue to any defendant or garnishee by reason of the judgment or any process or proceeding in the suit or by reason of any judgment or process herein, then this obligation to be void; otherwise, to remain in full force."

The breaches of the bond assigned in the petition, are, the failure by Ladd to sustain his action, and the abatement of the attachment.     The petition then alleges that plaintiff was damaged in the sum of five thousand dollars by reason of the levy · of the attachment upon its property,  and the further sum of five thousand, five hundred dollars which it was compelled to and did lay out and expend in and about the defense of said alleged action and attachment for attorneys' fees and other necessary costs and expenses, to-wit:

Seddon & Blair, attorneys, St. Louis..........$ 3,243.10
McLaughlin & Rowe, attorneys...............  1,683.36
Geo. T. Murdock, witness, expenses to St. Louis..    86.50
Expenses of officers of company in attendance at
          trial, and in management of case..........   487.04

                                                  $ 5,500.00

To plaintiff's petition, defendant filed answer denying all allegations therein, and by way of affirmative defense alleging that plaintiff has no authority in law to maintain its action, because, it is a foreign corporation, and has not complied with the act of the General Assembly of this State, entitled, "An Act to require every foreign corporation doing business in

this State to have a public office or place in this State at which
to transact its business, subjecting it to certain conditions, and
requiring it to file its articles or charter of incorporation with
the Secretary of State, and to pay certain taxes and fees
thereon," approved April 21, 1891; in this, that plaintiff has
failed and neglected to file in the office of the Secretary of
State, of the State of Missouri, a copy of its charter or articles
of incorporation, or certificate of incorporation, duly certified
and authenticated by the proper authority, and that the prin-
cipal officer or agent of plaintiff in the State of Missouri has
failed to make and forward to the Secretary of State a
sworn statement of the proportion of the capital stock of plain-
tiff corporation which is represented by its property located
and business transacted in this State. That plaintiff has
failed to pay into the Treasury of this State on the proportion
of its capital stock represented by its property and business in
Missouri, the incorporating taxes and fees equal to those
required by similar corporations formed within and under the
laws of this State.

To the answer, plaintiff made reply denying that said
act applies to it, or that it is required to do the things re-
quired to be done by foreign corporations doing business in this
State, because, as it avers, it is a corporation organized for the
sole purpose of mining and selling coal and manufacturing
and selling coke, and has not since said act went into effect
carried on its business in this State.

The facts briefly stated are, that in 1893, the defendant
Ladd brought suit by attachment in the circuit court of St.
Louis against plaintiff for $34,675, claiming that under in-
structions of defendant in said suit (plaintiff here), he had
contracted for the sale of its lands in Lincoln county, Missouri,
and was entitled to a commission therefor in said sum. Ladd
gave an attachment bond in said suit with his co-defendant,
Johnston, as surety, which forms the basis for this action.

Plaintiff is a corporation organized, and, at the time of the institution of this suit, existing, under the laws of the State of New York, the sole purpose of the corporation being "the mining and sale of coal from its said lands, and the manufacture and sale of coke." For some years prior to 1895, plaintiff mined and sold coal from said lands, but since that time it has not mined nor sold coal, nor manufactured nor sold coke. The taxes are paid upon these lands by an agent of plaintiff in Lincoln county, who also collects rents for it for such of its lands as are occupied by others.

At the instance of plaintiff the court without any objection on the part of defendant declared the law to be as follows:

"1. The court declares the law to be that, under the evidence in the case, the plaintiff has not since the twenty-first day of April, 1891, transacted or continued any business in this State as contemplated by an act of the General Assembly of Missouri entitled 'An Act to require every foreign corporation doing business in this State to have a public office or place in this State at which to transact its business, subjecting it to certain conditions, and requiring it to file its articles or charter of incorporation with the Secretary of State, and to pay certain taxes and fees therein,' approved April 21, 1891, and amendments to said act."

Defendant asked the court to declare the law to be as follows:

"The court declares the law to be that under the pleadings and evidence in this cause the plaintiff is not entitled to recover," which the court refused to do, and defendant duly excepted.

Judgment was then rendered for plaintiff for $69,500, being the amount of the penalty of the bond, and execution awarded in its favor for $5,062.50 damages.

Coal & Mining Co. v. Ladd.

After unavailing motion for a new trial defendant Ladd appeals.

It is claimed by defendant that as plaintiff's replication shows that it had not complied with the law, his motion in arrest of judgment should have been sustained, but the bill of exceptions, where it should be found, fails to show that any such motion was ever filed or passed upon by the court below, hence no such question is presented by the record.

It is insisted that the evidence showed that plaintiff had been for many years, and was at the time of trial, doing business as a corporation, through its agent in Missouri, and that it had never pretended to comply with the law, hence has no right to maintain this action. With respect to this contention it seems unnecessary to say more than that the court settled this question adversely to this contention when it without objection or exception, declared the law to be "that under the evidence in the case the plaintiff has not since the twenty-first day of April, 1891, transacted or continued any business in this State as contemplated," by the Act approved April 21, 1891, and refused the declaration asked by defendant in the nature of a demurrer to the evidence.

If it was the purpose of defendant to rely upon this insistence it should have objected to the declaration of law given in behalf of plaintiff and if overruled saved his exception at the time, but having failed to do so the point must be held to have been waived.

Moreover, plaintiff's articles of incorporation which were in evidence, showed that the objects for which it was formed were, "the mining and sale of coal, and the manufacture of coke therefrom," while the evidence showed that it had not mined or sold coal, nor manufactured nor sold coke since 1885, for at least five years before the passage of the Act of

1891. The fact that plaintiff has leased its lands to tenants for agricultural purposes since it ceased "the mining and sale of coal and the manufacture of coke therefrom," "is not doing business as a corporation," within the meaning of the act, nor is it any part of the purpose for which it was incorporated. Non-resident business corporations can and do pay taxes upon, and lease their lands in this State, and when incorporated for other purposes it has never been considered that in so doing they were transacting or continuing any business in this State other than that for which they were incorporated.

It would be an unwarranted construction of the act to hold under these circumstances that plaintiff falls within its provisions, and that in order to maintain this suit in regard to a matter in no way connected with the business for which it was incorporated, that it should file in the office of the Secretary of State a copy of its charter or articles of incorporation, or certificate of incorporation duly certified and authenticated, etc., or to in any manner comply with the provisions of said act.

It is claimed that the court erroneously included in its judgment eight hundred dollars which plaintiff had never paid to Judge McLaughlin. In support of this contention our attention is called to the fact, that Geo. T. Murdock testified that, "of the $1,500, fees charged by Judge McLaughlin, the company had already paid him $700, and they are indebted to him for the balance of $800 which they expect to shortly pay." But no such question was presented by instruction, and as the judgment was for a gross amount greatly in excess of $800, and $438 less than plaintiff claimed, we have no means at our command by which we can determine with any kind of accuracy whether this was included in it or not, and as it devolves upon the party who asserts error to make it manifest, in the absence of such showing the court below can not be convicted of error.

The way to have presented this question was by instruction.

We are of the opinion there is no error in the judgment of the court below, and it is affirmed.

*Sherwood, P. J.,* and *Gantt, J.,* concur.