## MEDDIS v. KENNEY et al., Appellants.

### Division One, June 20, 1903.

1. **Administrator's Sale:** ESTOPPEL: ACCEPTANCE OF PROCEEDS. The devisees of the testator, by receiving their share of the proceeds of lands sold to pay his debts, knowing it to be such, are estopped to question the validity of that sale or of the executor's deed made in pursuance thereof.

2. **Homestead:** WIDOW'S OCCUPANCY: LIMITATIONS. The widow's possession and occupancy of the homestead is friendly and not adverse to the heirs of the deceased homesteader or his assigns, and will be regarded as continuing so until disclaimed by hostile acts· or declarations.

3. **Administration:** DISQUALIFICATION OF JUDGE. Where the judge of a court of common pleas, which has original jurisdiction in probate matters, is disqualified because he has been counsel for one of the heirs who is contesting the sale of real estate, and disqualifies himself on that account, and the statute in such case directs him to transfer the cause to the circuit court and vests that court with plenary powers to dispose of the matter, it will be presumed, in the absence from the record of the antecedent steps leading up to the transfer, that every step was taken necessary to ·invest the circuit court with jurisdiction over the cause. The presumption always is that courts of general jurisdiction act by right and not by wrong.

4. ———: FOREIGN CORPORATION: COLLECTING DEMANDS IN THIS STATE. Our law does not prohibit a foreign corporation, which in the course of its business in its home State has become the assignee or holder of a claim against a citizen of this State, from coming into this State and pursuing every remedy and resorting to any means that a citizen of this State might do, to collect or secure the benefit of that claim, even to the purchase at the administrator's sale of land which must be sold to pay decedent's debts.

5. ————: SALE OF LAND: NOTICE: APPEALS. A failure in the trial
   court to object to the administrator's deed as revealing on its face
   that the notice of the sale was not published for the statutory pe-·
   riod, will preclude appellant on appeal from objecting to the deed
   on the ground that it was based on insufficient notice.

Appeal from Cape Girardeau Circuit Court.—*Hon.
Henry C. Riley*, Judge.

AFFIRMED.

*J. W. Limbaugh* for appellants.

(1) The court erred in the admission of evidence
offered by respondent. The Cape Girardeau Court of
Common Pleas has both common-law and probate juris-
diction. R. S. 1899, sec. 2, p. 2579. In the administra-
tion of the estate of John Albert, it was exercising its
probate jurisdiction, and its procedure therein is gov-
erned by the law applicable to probate courts. The
only authority for taking a cause from the probate court
to the circuit court (except on appeal), is found in sec-
tion 1760, Revised Statutes 1889. In the deed made
by Leon J. Albert, administrator of John Albert, the
recital as to how the estate got into the circuit court is
as follows: "Which estate and all the papers apper-
taining thereto were by the order of the Cape Girardeau
Court of Common Pleas in said county and State or-
dered to be and were sent to said circuit court which
order is of record in the records of said Cape Girardeau
Court of Common Pleas." The above recital in said
deed is all the evidence as to how the administration
got into the circuit court. It does not appear therein
that the case was certified to said circuit court, nor that
the cause went there for any of the reasons named in
section 1760, Revised Statutes 1899. Morris v. Lane,
44 Mo. App. 1; Kansas City v. Ford, 99 Mo. 91; Rail-
road v. Hoereth, 144 Mo. 148. (2) The first declara-
tion of law asked by respondent should have been re-
fused for the reason that it nowhere appears in evi-

dence that the realty was sold for the payment of debts. Instructions must be predicated on some evidence in the cause. McAtee v. Valandingham, 75 Mo. 45; Stone v. Hunt, 114 Mo. 66; Wilkerson v. Eilers, 114 Mo. 245; Railroad v. Railroad, 118 Mo. 599. (3) Respondent's second declaration of law is likewise obnoxious to the same objection of want of evidence on which to predicate it, and upon the same authorities last above cited, should have been refused.

*Angelo Dempsey* and *Robert L. Wilson* for respondent.

The executor of the will of John Albert is unequivocally authorized by the provisions of said will to sell and convey the real estate to pay the debts of the testator, and it was not necessary to apply to the probate court for an order to sell the real estate. That power follows the office, and if the letters testamentary are revoked before the executor obeys or carries out the provisions of the will, the administrator *de bonis non* with the will annexed is vested with all the power and authority given to the executor; and it not being necessary for him to procure an order from the court to sell the land, it was not necessary for the administrator *de bonis non* to procure an order to sell and convey. Francisco v. Wingfield, 161 Mo. 557; Evans v. Blackeston, 66 Mo. 437; Dix v. Morris, 66 Mo. 514; Henry v. McKerlie, 78 Mo. 433; State to use v. Towl, 48 Mo. 148. Appellants did not assail the deed of the administrator even collaterally on the ground of a defect in the advertisement of sale. As that objection was not made by appellants in the trial court, and no suggestion made in the motion for new trial, the objection being made for the first time in the appellate court, will not now be entertained by this court. R. S. 1899, sec. 864; St. Louis v. Sieferer, 111 Mo. 663; Haniford v. City of Kansas, 103 Mo. 172; Claflin v. Sylvester, 99

Mo. 283; Newton v. Miller, 49 Mo. 283; Green v. Walker, 99 Mo. 72; Graham v. Railroad, 113 Mo. 408.

ROBINSON, J.—This is an action of ejectment in statutory form to secure possession of the north half of lot three, range "A," in the city of Cape Girardeau, Missouri, known as the John Albert homestead.

The suit was originally begun in the Cape Girardeau Court of Common Pleas, against the defendant Nancy R. Kenney, the tenant in possession. Afterwards, H. H. Albert, the landlord of the defendant Kenney, was, on his own application, made a party defendant, and the venue changed to the Cape Girardeau Circuit Court, where the cause was tried by the court without a jury, resulting in a judgment for the plaintiff, from which defendants have appealed to this court. The petition is in the usual form, and the answer a general denial.

The record shows that John Albert died testate, in Cape Girardeau county, Missouri, in August, 1881, leaving surviving him his widow, Terresa Albert, and the following children, to-wit: Anna, William, Robert, Clement, Jules, and the defendant H. H. Albert. That John Albert at the time of his death was seized of the land in suit and occupied it as his homestead. Both parties claim through him as the common source of title. By the last will of John Albert, which was duly probated in that county, Linus Sanford was appointed executor. After giving to each of his children the sum of one dollar, the will provides: "To my wife, Terresa Albert, I give and bequeath all the balance of my property of every kind, whether real or personal, after the payment of my debts." Sanford qualified and proceeded to administer on the estate. In 1897, Sanford, as such executor, filed his petition in the Cape Girardeau Court of Common Pleas, a court possessing original probate jurisdiction, setting forth the fact that the personal property was insufficient to pay the debts of

the estate, and prayed for an order authorizing him to sell the land in question.  At the next term thereof, it appearing that the newly elected judge of the court having been of counsel for H. H. Albert and his brother and sister, was disqualified to act in the matter, an order of record was made certifying the cause to the Cape Girardeau Circuit Court, as provided by section 1760, Revised Statutes 1899, and the clerk was directed to transfer all of the original papers therein to the circuit court.  Thereupon the circuit court, at its May term, 1897, made an order authorizing the executor to sell at public outcry the lot in question for the payment of debts, the terms of sale being one-fourth cash and the balance payable in six months.  The order was renewed at the August term, 1897, and on the 5th day of June, 1898, the executor, after having the lot appraised, sold the same at public sale in pursuance of the order afore·said, at which sale the Fidelity Trust Safe Vault Company, a Kentucky corporation, became the purchaser, for the sum of $2,005.  The estate of Terresa Albert, the administration of which was pending in the city of St. Louis, held fifth-class demands against the estate of John Albert, amounting in the aggregate to about $1,800, and the Fidelity Trust Safe Vault Company held a sixth-class demand, as trustee, against said estate for $1,500.  Shortly prior to the sale the executor represented to the agent of the Fidelity Trust Safe Vault Company that he did not desire to handle any of the purchase money to be paid for this property, except an amount necessary to pay expense of sale, and stated that if the Fidelity company would purchase these demands against the estate, he would accept them as cash. Thereupon the Fidelity company purchased all the outstanding demands against the estate, except the one held by it as trustee, and paid the costs of the sale, including the executor's commission.  The money derived from the proceeds of the sale of the lot in question was paid to the defendant H. H. Albert, and his brothers and sis-

ters. Upon these facts the circuit court, at the next term thereafter, approved the sale and ordered the executor to make a deed to the purchaser. Afterwards one of the securities on the executor's bond having died, the circuit court, upon the application of a creditor of the estate, ordered the executor to give a new bond. Having failed to comply with this order, the executor's letters were revoked, and Leon J. Albert was appointed as administrator *de bonis non* with the will annexed, and duly qualified as such. On the 8th day of February, 1899, the Fidelity company, having assigned its bid to the plaintiff herein, a deed was made by the administrator at the request of the Fidelity company to the plaintiff in pursuance of the sale, which was duly approved by the court. This deed constitutes plaintiff's claim of title to the land in question. The record further shows that after John Albert's death, the lot in question was occupied by his widow Terresa Albert, until her death, which occurred in September, 1894, and that thereafter her children occupied the premises until May 26, 1898, when they, after receiving their share of the proceeds of the sale, conveyed the lot by quitclaim deed to the defendant, H. H. Albert, whose tenants have been in the possession thereof since, and he claiming title to the premises from that time, by virtue of the deed so procured from his brothers and sisters. At the close of the case the following declarations of law were given at plaintiff's request:

"1. The court declares the law to be that if Terresa Albert took the real estate in controversy under the will of John Albert, and the will devised the property to her subject to the payment of his debts, then she took the real estate in controversy *cum onere*, and her heirs are estopped from denying that the real estate is subject to sale for the payment of said debts of said John Albert, deceased.

"2. The court declares the law to be that if the children of John and Terresa Albert accepted the pro-

ceeds of the sale of the real estate made by the executor of John Albert, knowing it to be so, on the allowance to the estate of Terresa Albert, then it was a ratification of said sale, and they are estopped now from contesting said sale or the conveyance made by the administrator by virtue of said sale.

"3. The court declares the law to be that the property in controversy was used and occupied by John Albert as a homestead in his lifetime, and was so used at the time of his death, and at his death his widow took a homestead interest and that as a homesteader her occupancy and possession of said premises were not adverse to the heirs or purchasers at administration sale, nor did the statute of limitations run against them; nor during the time she occupied said premises as a homesteader could she enlarge her estate from a homestead, or life estate, by claim of adverse possession."

The defendants asked the court to give the following declarations of law numbered 1, 2, 3, and 4:

"1. The court declares the law to be that under the evidence in this cause, plaintiff is not entitled to recover, and the finding and judgment of the court should be for defendants.

"2. The court declares the law to be that if the court shall find from the evidence that defendant, H. H. Albert, and those under whom he claims have held the property in controversy for a period of more than ten years prior to the commencement of the proceedings in the estate of John Albert, by the executor, to have the land sold for the payment of debts of said John Albert, and that said holding of said property has been open, notorious and adverse to all the world, said occupants claiming title thereto, then the finding and judgment should be for defendants.

"3. The court declares the law to be that the circuit court of Cape Girardeau county had no jurisdiction to order or adjudge the sale of the real estate in controversy, and that said order, judgment of sale and

the deed made thereunder to plaintiff was and is void, and plaintiff acquired no title thereunder in or to the real estate in controversy, and the finding should be for defendants.

"4. The court declares the law to be that the Fidelity Trust and Safety Vault Company could not become the purchaser of the property in suit, nor take, nor hold, the legal title thereto; and the court further declares the law to be that plaintiff herein could not become the purchaser of said property nor acquire the title thereto for the use or benefit of said Fidelity Trust and Safety Vault Company, and that the deed to plaintiff is wholly void and vests no title in plaintiff, and the finding and verdict should be for the defendants."

The court gave defendants' declaration numbered 2, but refused those numbered 1, 3 and 4.

The defendants complain of the action of the court in respect to the giving and refusing of declarations asked.

The objection urged against plaintiff's first declaration is that it is unsupported by evidence. This objection is obviously based upon a misapprehension of the facts of the case. The record shows that the lot in question was sold for the payment of debts. This instruction announced a correct proposition of law and is predicated upon facts in testimony and was properly given.

Plaintiff's second declaration of law given, although not as accurately framed as it might have been, is in harmony with the principles of law dominating the case. The defendant, H. H. Albert, in receiving his distributive share arising from the proceeds of the sale of the land by the executor (as did also his brothers and sisters, through whose deeds he now claims title to the property), is clearly estopped from asserting that title, as against the title conveyed by the administrator's deed. The declaration shows the thought in the mind

of the court in deciding the case.    It was in no way
prejudicial to defendant.

No error is perceived in the action of the court in
giving plaintiff's third declaration.    It is firmly settled
in this State that the widow's possession and occupancy
of the homestead is, in its inception, perfectly friendly
and not adverse to the heirs of the deceased husband
or their assigns, and will be regarded as continuing so
until disclaimed by hostile acts or declarations.    [Chou-
teau v. Riddle, 110 Mo. 366; Hickman v. Link, 97 Mo.
482.]

We are unable to find anything in the criticism of
the declarations of law given in behalf of plaintiff to
indicate that the case has been tried upon a wrong
theory, or that an improper judgment has been pro-
duced on account of them.

The next assignment of error relates to the refused
declarations of law requested by defendant.    His first
declaration of law asked was in the nature of a demurrer
to the evidence and was properly refused.    The testi-
mony amply justified a finding for the plaintiff.

There was also no error in refusing defendant's
declaration numbered 3.    This declaration was predi-
cated upon the theory that the order of the Cape Gir-
ardeau Court of Common Pleas, transferring the case
to the circuit court, did not have the effect of conferring
jurisdiction on that court to order the sale of the real
estate in question as it did in that proceeding.    This
position, we think, can not be maintained.    While it is
true the record does not show the antecedent steps lead-
ing up to the order certifying the case to the circuit
court, yet it very clearly appears that an order was
duly made by the Cape Girardeau Court of Common
Pleas certifying the cause to the circuit court, which
under section 1760, Revised Statutes 1899, the Cape
Girardeau Court of Common Pleas was authorized to
do, and this too, when the judge is disqualified of his

own motion, without any formal application or affi-
davit therefor. Moreover it will be presumed in the
absence of countervailing circumstances that the circuit
court in ordering the sale of the land in question, being
a court of general jurisdiction, acted by right and not
from wrong. [State ex rel. v. Bank, 120 Mo. 161.]
We therefore hold that the order certifying the cause
to the circuit court, conferred upon that court jurisdic-
tion to order the sale of the land in question.

The fourth declaration asked by defendant was
properly denied. There is nothing in sections 1024-
5-6, Revised Statutes 1899, to which we are referred by
appellant as his authority for asking declaration of
law numbered 4, that was denied by the trial court, that
can in any way be said to prohibit a foreign corporation,
such as the Fidelity Trust Safe Vault Company, that,
in the course of business in its home State, has become
the assignee or holder in trust of a claim against a
citizen of this State, the right to come into this State
and pursue every remedy and resort to every means
that a citizen of this State might do to collect or secure
the benefit of that claim. The section of the statute
above referred to only applies to those corporations who
have or desire to become established here as "resident
foreign corporations," and does not apply to foreign
corporations not established in this State, and a discus-
sion of those sections and the requirements thereof will
serve no good purpose here. The declaration was
properly denied by the trial court.

The defendant further assails the judgment ren-
dered herein, for the reason, as he now asserts, that it
appears in the deed from the executor to respondent,
under which he claims to own the lot in controversy,
that the notice of sale of the property was not published
for the requisite period of time. This question was not
raised in the trial court, but is made here, for the first
time, on this appeal. No objection was made in the trial

court in reference to the sufficiency or validity of the notice of sale, and inasmuch as no point was there made, either at the trial or in the motion for a new trial, in reference to the advertisement of the sale, or that proper notice of sale had not been given, it can not be taken advantage of here.    The case must be disposed of here on the same lines it was heard in the circuit court. [R. S. 1899, sec. 864; Gorham v. Railroad, 113 Mo. 408; St. Louis v. Sieferer, 111 Mo. 662; Haniford v. City of Kansas, 103 Mo. 172.]

No error prejudicial to defendant appearing, the judgment of the trial court will be affirmed.

All concur.