A. M. CLARK, Respondent, v. KANSAS PETRO-
LEUM COMPANY, Appellant.

**Kansas City Court of Appeals, June 6, 1910.**

**FOREIGN CORPORATIONS: Contracts: Failure to Comply With
Statute: Doing Business in Missouri.** A contract made in Mis-
souri by an Arizona corportion which has failed to comply with
the foreign corporation statutes of this State is not invalid
where the subject-matter of such contract has to do solely with
the sale of the capital stock of such corporation. Such sale of
stock does not constitute "doing business" within the legal
meaning of that term as used in said statute.

Appeal from Jackson Circuit Court.—*Hon. James E.
Goodrich,* Judge.

AFFIRMED.

*A. F. Evans, F. F. Brumback* and *Wm. F. Wood-
ruff* for appellant.

On the pleadings, the law and the evidence, the
finding and judgment should have been for the defend-
ant, for the reason that the defendant, at time of the
execution of the contract sued on, which was made in
this State and to be performed here, was a foreign cor-
poration doing business in this State without having
complied with the law of this State in regard to such
corporations; and hence, the contract is void, a mere
nullity, and binding neither upon the plaintiff nor the
defendant. R. S. 1899, secs. 1024, 1026; Laws of Mis-
souri 1903, pp. 119 and 121; Downing v. Ringer, 7 Mo.
585; Live Stock Ass'n v. L. & C. Co., 138 Mo. 394;
Fair Ass'n v. Carmody, 151 Mo. 566; Swing v. Cider
& Vinegar Co., 77 Mo. App. 391; Rothwell v. Gibson,
121 Mo. 279; Tri-State Amus. Co. v. Amusement Co.,
192 Mo. 404; Mill & Lumber Co. v. Sims, 197 Mo. 507;
Roeder v. Robertson, 202 Mo. 522; Shoe Machinery Co.

v. Ramlose, 210 Mo. 631; Zinc & Lead Co. v. Zinc Mining Co., 221 Mo. 7; Ehrhardt v. Robertson Bros., 78 Mo. App. 404; Bank v. Leeper, 121 Mo. App. 688; Buggy Co. v. Phiebe, 123 Mo. App. 521; Mfg. Co. v. Construction Co., 124 Mo. App. 349; Pittsburg Cons. Co. v. Railroad, 151 Fed. 125.

*C. A. Braley* for respondent.

(1) It was not the intention of the Legislature to declare contracts made between citizens of this State and foreign corporations not licensed to do business in this State absolutely void as between both parties, but if anything simply voidable to be taken advantage of by the party not in fault. Manufacturing Co. v. Construction Co., 124 Mo. App. 364; Mason v. Pitt, 21 Mo. 391; Rollins v. McIntire, 87 Mo. 496. (2) The appellant cannot plead its failure to comply with the laws of Missouri as a defense. It would be taking advantage of its own wrong and it is estopped to set up such a defense. Roeder v. Robertson, 202 Mo. 522; Young v. Mills & Scott Co., 122 Mo. App. 392.

JOHNSON, J.—This action is for the recovery of nine hundred and fifty dollars on a written contract entered into by plaintiff and defendant September 5, 1904. The answer pleads that the contract is void for the reason that defendant is a foreign corporation and, at the time the contract was made, had not complied with the statutes relative to such corporations doing business in this State. The reply pleaded an estoppel grounded on the fact that defendant had received and retained the fruits of the contract. A jury was waived and the court, after hearing the evidence, rendered judgment for plaintiff. Defendant appealed.

The contract on which the suit is founded was as follows:

"This is to certify that the Kansas Petroleum Company is indebted to A. M. Clark, or order, in the sum of nine hundred and fifty dollars, consideration being a due bill against the Kansas City World for the said amount, to be paid on or before February 5, 1905, in cash, or forty-seven thousand five hundred shares of the capital stock of the Kansas Petroleum Company's stock—same to be optional with the directors of the Kansas Petroleum Company at any time on or before February 5, 1905."

The evidence shows and the trial court found "that this was a contract for newspaper advertising through which defendant was endeavoring to find a market for its capital stock." The defendant was incorporated in Arizona for the purpose of developing and operating petroleum properties in Kansas and elsewhere. It did not comply with the statutes relating to foreign corporations and, therefore, was not authorized to do business in this State. While the contract under consideration, by its terms, gave defendant the option to pay the consideration either in cash or in its capital stock, the real purpose of the contract was to exchange stock of defendant for advertising in a Kansas City newspaper and the purpose of the advertising was to sell treasury stock of defendant to raise money for the development of its properties.

We think the defense interposed is not tenable. The contract did not relate to "doing business" in this State within the legal meaning of that term, but was concerned with the furnishing of the capital on which to do business. The case falls squarely within the rule applied by this court in Bank v. Leeper, 121 Mo. App. 688, where, after reviewing the authorities, we held that a contract made in this State by a corporation for the sale of its capital stock was not a part of the business the corporation was organized to conduct. Speaking through ELLISON, J., we said: "Such a transaction or such transactions, it is true, may occur, but they are

not the usual or customary or ordinary business of a telegraph or telephone company (or business company) nor is such a corporation organized for the transaction of such business."

The learned trial judge correctly interpreted the law of the case and the judgment is affirmed. All concur.