BROADWAY BOND STREET COMPANY, Respondent, v. FIDELITY PRINTING COMPANY, Appellant.

Kansas City Court of Appeals, July 6, 1914.

1. FOREIGN CORPORATIONS: Unlicensed: Rights. It is only when a foreign corporation is doing or attempting to do business in this State that its contracts in furtherance of such business will not be enforced unless it has been authorized to do business here. A foreign corporation is not, merely because it is foreign, prevented from owning real estate or from enforcing and protecting its rights in reference to property owned in this State.

2. ——: ——: ——: **Doing Business.** The mere holding of title to real estate, without more, is generally held not to be the doing of business within the meaning of statutes relative to the licensing of foreign corporations. And where a foreign corporation, not licensed in this State, merely held the title to a piece of real estate at the request of a New York firm as security to the firm for money advanced for the benefit of the owner of the real estate, and the creditor firm looked after the collection of the rents, paid the taxes and expenses and applied the balance on the debt, the foreign corporation was not "doing business" in the State.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson,* Judge.

AFFIRMED.

*Walter H. Jordaan* and *Willard P. Hall* for appellant.

*I. J. Ringolsky* and *Jos. F. Aylward* for respondent.

TRIMBLE, J.—This is a suit, originating in a justice court, to recover the unpaid rent for the months of July, August and September, 1912, aggregating $300 due from defendant for the basement floor of the seven story building at the southwest corner of Eighth and Broadway, Kansas City. Defendant admits that it has not paid the rent sued for, and denies plaintiff's right to recover solely upon the ground that plaintiff is a foreign corporation with no authority to do business in this State and for that reason cannot maintain this suit or recover upon it in the courts of Missouri.

Upon appeal from the justice to the circuit court, the cause was submitted to the court without a jury. Judgment was rendered in favor of plaintiff for the rent sought to be recovered, and defendant has appealed presenting the sole point above mentioned.

On January 1, 1909, the building in question was owned by a Missouri corporation called the Isaacs

Clothing Company. On that date it leased the basement, (being that portion of the building for the rent of which this suit is brought), to defendant, The Fidelity Printing Company, for five years at a rental of $100 per month. The lease expired January 1, 1914. Defendant paid its rent up to July 1, 1912, but refused to pay any rent thereafter although it continued to occupy and use the premises in question until the expiration of the lease, a period of eighteen months from its refusal to pay rent.

The firm of Isaacs Brothers is a wholesale clothing firm doing business in New York under said name. This firm had five members, and for the purpose of holding title to real estate acquired by the firm, they place the title to their real estate in the. name of the Broadway Bond Street Company. This is a New York corporation chartered, among other objects, "to own, buy, sell, lease and deal in real estate in the city of New York and elsewhere," and all its capital stock is controlled by Isaacs Brothers.

The Missouri corporation, The Isaacs Clothing Company, owner of the building in question, became indebted to the firm of Isaacs Brothers in about the sum of $75,000. The Isaacs Clothing Company of Kansas City was otherwise not successful as a business enterprise, and the firm of Isaacs Brothers, not wanting a failure to occur in their family, paid all of its debts as well as the individual debts of Isaac Isaacs, the president of the Isaacs Clothing Company. To secure the firm of Isaacs Brothers for the money advanced, the Isaacs Clothing Company conveyed its said building to the Broadway Bond Street Company at the request of Isaacs Brothers. This was done January 25, 1911, and the deed was recorded March 8, 1911. Shortly after the building was conveyed to plaintiff, the lease to defendant was. assigned to plaintiff also.

Although the title to the building thereafter stood in the name of the corporation, the Broadway Bond

Street Company, yet it did nothing in regard to the property more than to be a mere depositary of title. The rent of the building was collected by Isaacs Brothers, who paid the taxes and the other expenses connected with the building and applied the remainder toward the extinguishment of the debts of the Isaacs Clothing Company. When those debts are· paid the building is to be conveyed back to the Isaacs Clothing Company or whoever is entitled to its assets, presumably Isaac Isaacs.

After the building was transferred to plaintiff, defendant paid its rent, up to July 1, 1912, to Isaacs Brothers sometimes by check to their agent, Bombeck, sometimes by check drawn by defendant itself direct to Isaacs Brothers.

Plaintiff has never bought nor sold real estate in Missouri. It will neither gain profit nor suffer loss by the transaction. It doesn't own any real estate in Missouri, not even the building in question, since the deed from the Isaacs Clothing Company is nothing more than a mortgage, for the benefit of Isaacs Brothers to secure their debt, made to plaintiff at Isaacs Brothers request. The bare naked title is in plaintiff for the benefit of Isaacs Brothers and the Isaacs Clothing Company, nothing more.

A foreign corporation is not, merely because it is foreign, prevented from owning real estate or from enforcing and protecting its rights in reference to property owned in this State. And the courts of this State are open to it for this purpose. [Frick Co. v. W. G. Marshall, 86 Mo. App. 463; Missouri Coal and Mining Co. v. Ladd, 160 Mo. 435; Meddis v. Kenney, 176 Mo. 200.] It is only when the corporation is attempting to do business in this State that its contracts in furtherance of such business will not be enforced unless it has been authorized to do business here.

Do the facts in this case show that the plaintiff has done or is attempting to do business in this State so as to bring it within the ban of section 3039, Revised Statute 1909? In Wilson v. Peace, 85 S. W. 31, it was held that the ownership of land in Texas by an Illinois corporation and the leasing of it to a tenant was not doing business in that State within the meaning of a statute of Texas requiring a foreign corporation doing business therein to obtain a permit therefrom.

The mere holding of title to real estate and transmitting same, without more, is generally held not to be the doing of business within the meaning of statutes such as the one in question. [19 Cyc. 1309; People ex rel. v. Miller, 71 N. E. 463.]

But, it is contended, the very object and purpose of plaintiff's incorporation is "to own, buy, sell, lease and deal in real estate in the city of New York and elsewhere" and hence when it owns this particular piece in Kansas City, Missouri, this is "doing business" in the State within the meaning of our statute. But the proof shows that is doesn't even own this piece, nor has it sought to collect the rents or to deal in real estate here. Its title is a mere naked, dry, trust, holding the title for the benefit of Isaacs Brothers, mortgagees in equity, and the Isaacs Clothing Company, the equitable mortgagor. Isaacs Brothers had a right to take the building as security for the debt owed it by the Isaacs Clothing Company; and simply because the firm, for convenience, caused the security to be placed in the name of plaintiff, a foreign corporation which did nothing except to hold the mere legal title but did not own or have an interest in the property, would not make the latter be "doing business" in this State in the sense our statute contemplates.

The contention by defendant hereinabove stated was made in the case of Louisville Property Co. v. Mayor, etc. of Nashville, 84 S. W. 810. In that case

it was urged that the mere ownership of real estate in Tennessee by a Kentucky corporation was "doing business" in Tennessee because the corporation was chartered to own and hold real estate. But the court held otherwise saying, at page 813, that there was a plain distinction between the mere acquisition of property and the carrying on of business. Under the contention urged by defendant it would seem that because the holding of real estate is one of the powers given a foreign corporation by its charter, it would have less power to take title to real estate in Missouri than one which had no such power. Whether the plaintiff is merely title depositary for the debtor and creditor referred to herein, and nothing more, is one thing, and whether it is doing business in this State is another. The court sitting as a jury found that it was not doing business here.

In the case of Tristate Amusement Co. v. Forest Park, etc. Amusement Co., 192 Mo. 404, the foreign corporation was transacting business in this State and the contract declared on was for the purpose of enabling it to do so. In Chicago Mill Co. v. Sims, 197 Mo. 507, the foreign corporation maintained an agent in this State and was carrying on a part of its business here, i. e., the obtaining of its supply of raw materials for the manufacture of boxes. Plaintiff's brief in that case admitted it was doing business in this State (p. 511). In the case of Amalgamated Zinc and Lead Company v. Bay State Zinc Mining Co., 221 Mo. 7, plaintiff, a foreign corporation had been doing business in Missouri, i. e., mining on the property since 1902 (p. 11). And in Parke Davis & Co. v. Mullet, 245 Mo. 168, plaintiff, a Machigan corporation, alleged in its reply that it was doing business in Missouri but not in the particular department in charge of the matter in controversy (p. 171). These cases do not affect the case at bar since in all of them the foreign corporation was actually doing business in

the State. The proof here shows, however, that plaintiff is not.

In our opinion the judgment should be affirmed. It is so ordered. The other judges concur.