THE STATE ex rel. B. F. BUSH, Receiver of ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, v. JOHN T. STURGIS et al., Judges of Springfield Court of Appeals.

Division Two, March 26, 1920.

1. **CONFLICT IN DECISIONS: Certiorari: Extent of Review.** The Supreme Court, on *certiorari*, based on an allegation that the decision of the Court of Appeals contravenes certain decisions of the Supreme Court, is limited in its review to the opinion of the Court of Appeals. If it does not disclose a conflict with the former rulings of the Supreme Court, the power of superintendence is at an end.

2. ———: **Variance Between Theory of Trial and On Appeal.** A variance between the theory upon which the case was tried and the theory upon which the judgment was affirmed in the Court of Appeals, to be available in quashing its decision, must be of such a character as to constitute an essential factor in determining defendant's liability. The difference in the two theories must involve a matter essential to the rendition of the judgment affirmed.

3. ———: ———: **Immaterial Variance.** The petition alleged that defendant's negligence consisted in its failure "to give the statutory signal, by bell or whistle, as the train approached and passed over the public crossing." The answer charged that "deceased went upon the railroad track in front of a running train, heedlessly and without looking or listening." The reply was that "the night was very dark, the engine without a headlight and pushing a car in front, and no signal whatever was given." The petition charged and the jury found that deceased reached the crossing by traveling a public highway. The Court of Appeals held that "if defendant's liability is to rest on the finding that the deceased approached the crossing along the public road" the verdict cannot stand, but also held that plaintiff's right to recover was not dependent on the manner in which he approached the crossing, but that the cause of his death was the manner in which the train approached the crossing, it being its duty, since he was actually on the public crossing when struck, to give him some effective warning, and its failure to do so was negligence. *Held*, that the variance was immaterial, and the decision of the Court of Appeals is not in conflict with previous decisions of the Supreme Court,

State ex rel. Bush v. Sturgis.

4. ——: ——: ——: **Trespasser.** The rule that crossing signals are for the benefit of travelers on public highways and not for trespassers has no application where deceased was not a trespasser, but actually on the public street at the time the train struck him.

5. ——: ——: **Ruling on Former Appeal: Law of Case.** That a ruling on a former appeal may become the law of the case on a second appeal is applicable only when such prior ruling is determinative of some issue in the case.

6. ——: ——: ——: ——: **New Evidence.** If on a new trial after a verdict is reversed, material evidence on the question decided is produced, the ruling on the first appeal does not become the law of the case.

7. ——: **Recovery on Reply.** Decisions of the Supreme Court to the effect that plaintiff must recover, if at all, on a cause of action stated in the petition, and not on one stated in the reply, have no application to a decision of the Court of Appeals which rules, and properly under the facts, that plaintiff's right to recover was limited to the cause of action stated in the petition.

## *Certiorari.*

WRIT QUASHED.

*J. F. Green* and *Barbour & McDavid* for relator.

(1) In disposing of the case on appeal, the respondents have done so on a theory not presented below and thus have affirmed the cause on issues never presented to the trial court or jury by pleadings or instructions. In so doing respondents have failed to follow the rule announced on that subject in the latest controlling decisions of the Supreme Court in Brunswick v. Standard Accident Ins. Co., 213 S. W. 46; Degonia v. Railroad, 224 Mo. 588; Chinn v. Naylor, 182 Mo. 595; Deschener v. Railroad, 200 Mo. 332; Mirrielees v. Ry. Co., 163 Mo. 486; Meyer Bros. Drug Co. v. Bybee, 179 Mo. 369; Henry County v. Citizens Bank, 208 Mo. 226. (2) A reading of respondents' opinion discloses that the case was affirmed on issues and matters contained only in the replication and not in the petition. In so doing respondents

have failed to follow a long line of decisions of the Supreme Court wherein it has been held that a plaintiff must recover, if at all, on the matters alleged in the petition, and may not eke out such petition by matters brought into the case by reply. Mathieson v. Railroad, 219 Mo. 522. (3) Crossing signals are for the benefit only of travelers on the public highway, and not for trespassers, and trespassers may not expect or depend upon signals and they may not expect or depend upon headlights. It has been so ruled in the following cases: Degonia v. Railroad, 224 Mo. 592; Burger v. Ry. Co., 112 Mo. 246; Frye v. Ry. Co., 200 Mo. 407; Bell v. Railroad, 72 Mo. 58; Maxey v. Ry. Co., 113 Mo. 11; Gurley v. Ry. Co., 104 Mo. 223; Evans v. Ry. Co., 62 Mo. 57; Ayers v. Railroad, 190 Mo. 237; Milliken v. Commission Co., 202 Mo. 654; Moss v. Fitch, 212 Mo. 502; Hill v. Mining Co., 119 Mo. 30. (4) The law as settled by the Supreme Court is that where a case has been tried and appealed the opinion rendered by the appellate court on such an appeal becomes the law of that case for any subsequent trial and is binding on the trial court, the parties in interest, and on the appellate court on any subsequent appeal. May v. Crawford, 150 Mo. 524; Benton v. St. Louis, 248 Mo. 102; Gracey v. St. Louis, 221 Mo. 5; Armor v. Frey, 253 Mo. 465; Bridge Co. v. Stone, 194 Mo. 184. See opinion on previous appeal of this case of the Springfield Court of Appeals, 198 Mo. App. 615.

*Collins, Holloday & Stough, Geo. W. Thornberry* and *Hamlin & Hamlin* for respondents.

(1) A judgment clearly for the right party under the facts and the law applicable thereto whether declared to the jury or not declared to the jury should not be disturbed for the very good reason that by such judgment the real aim of the law is accomplished. Facts do not give way to theory nor are shadows or technicalities the real trunk of the law. And in a case of this sort a pertinent inquiry always is, has the object of the law

been accomplished? Boyes' Admr. v. Smiths' Admr., 16
Mo. 322. (2) In a proceeding of this nature the Supreme
Court wholly ascertains the facts in a case from the writ-
ten opinion of the judges of the Court of Appeals. State
ex rel. United Rys. Co. v. Reynolds, 257 Mo. 19; State
ex rel. Commonwealth Trust Co. v. Reynolds, 213 S. W.
804. (3) It cannot be said by relator that the plaintiff
pursued one theory in the trial court and then changed
her theory in the Court of Appeals. (4) The Court of
Appeals having adjudged and determined from the whole
record before it upon what real or actual theory this case
was tried, suppose it erred in its judgment, this court
cannot quash its record. State ex rel. Brown v. Broad-
dus, 216 Mo. 336.

WALKER, C. J.—*Certiorari* to the Springfield
Court of Appeals to review the record of that court in
the case of Susie E. Kerr against Bush, Receiver of the
St. Louis, Iron Mountain & Southern Railway Com-
pany for damages for the killing of her husband through
the negligence of that company. Upon a trial before a
jury a verdict was rendered in her favor in the sum of
$3500. From this finding an appeal was perfected to
the Springfield Court of Appeals, which affirmed the
judgment of the trial court (215 S. W. 393). We are
asked to quash the record of the Court of Appeals on
the ground that its ruling contravenes certain decisions
of this court.

I. The limit of our review is the opinion of the
Court of Appeals. If it does not disclose a conflict with
the former rulings of this court then our power of sup-
erintendence is at an end. [State ex rel.
Limit of Review. United Rys. Co. v. Reynolds, 257 Mo. 19,
165 S. W. 729; State ex rel. Dunham v. Ellison, 213 S.
W. (Mo.) 459; State ex rel. Com. Tr. Co. v. Reynolds,
213 S. W. (Mo.) 804].

II, The first contention as to a contrariety of opinion is that the Court of Appeals disposed of the case upon a different theory from that upon which it was tried below. As to the theory at the trial, the opinion states that "the negligence, alleged in the petition, is the failure of the defendant to give the statutory signal by bell or whistle on the train in question approaching and passing over the public crossing. The petition alleges and the jury found that the deceased reached this crossing by traveling the public highway. In plaintiff's reply primarily to meet the defense of contributory negligence in that the deceased went on the railroad track in front of the moving train heedlessly and without looking or listening, it is alleged 'that the night was very dark, the engine without a headlight and pushing a car in front and that no signal whatever was given for this crossing.'"

*Variance.*

The court, after reviewing the testimony at length, states "that there is neither any presumption nor any evidence on which to base a finding that the deceased approached the crossing where he was killed along the dirt road and not along the railroad." Following this conclusion the court adds "that if defendant's liability is to rest on the finding that the deceased approached the crossing along the public road, then to sustain such verdict would be violative of the rule that where the injury may with equal or greater probability have resulted from a different cause for which the defendant is not liable, then the verdict cannot stand; for it devolves on the plaintiff to prove with reasonable certainty that the cause for which the defendant is liable produced the result and this cannot be left to conjecture" (citing cases).

It is evident, therefore, that the specific nature of relator's contention as to a variance between the theory of the trial court and the Court of Appeals consists in their respective findings as to the manner in which the deceased approached the crossing. This difference to avail the defendant must be of such a

nature as to constitute an essential factor in determining defendant's liability. A mere difference in findings not so determinative will not authorize a ruling adverse to the judgment. This in no wise militates against the well established rule that if an injury may have resulted from one of two causes for one of which and not the other the defendant is liable, the plaintiff must show with reasonable certainty that the cause for which the defendant is liable produced the result, and if the evidence leaves it to conjecture the defendant is not liable.

To this effect and no further is our ruling in Degonia v. Railroad, 224 Mo. 588, in which we held that although there was a good case on the facts it was not submitted upon a proper theory of the law and hence the judgment could not be sustained.

In Henry County v. Citizens Bank, 208 Mo. 225, we held that a suit could not be brought upon one cause of action and a recovery had upon another; and that a case could not be tried upon one theory and a recovery had upon another on appeal.

In Deschner v. Railroad, 200 Mo. 332, we held that where a case was tried and instructions on both sides proceeded on the theory that it was the motorman's duty to see and warn the injured party, the case will be reviewed upon that theory in the appellate court.

In McGrath v. St. Louis Tr. Co., 197 Mo. 105, specific acts of negligence having been pleaded, a recovery if had at all must be upon the acts as pleaded.

In Chinn v. Naylor, 182 Mo. 594, where the case was tried below upon the theory that the land in controversy was an accretion to the shore land of plaintiff, the latter would not be heard upon appeal upon a different theory.

In Meyer Bros. Drug Co. v. Bybee, 179 Mo. 369, we held that litigants will not be permitted to contest a proceeding upon one theory and on appeal shift their position by demanding formal proof of facts practically admitted in the court below.

In Mirrielees v. Railroad, 163 Mo. 486, where both parties tried the case upon the theory that the defendant was bound to exercise ordinary care to prevent injury to a trespasser after it knew of his peril, we are relieved upon a review of the case here from considering whether a carrier's liability is limited to willful or wanton injuries or extends to injuries caused by want of ordinary care.

From these cases, relied upon by relator, and many others which might be cited to the same effect, it appears that the difference in theory between the trial of a case and its review and disposition upon appeal must, to authorize the invoking of the rule, involve a matter essential to the rendition of the judgment. The correctness of this conclusion is rendered more apparent when we consider the province of an appellate court, which is that of review. Such review is for the purpose of ascertaining if the real matters in issue were tried without error. Other than this the court has no concern because the trial court's ruling upon an immaterial matter is not error (Lesser Cot. Co. v. Railroad, 114 Fed. 133, 52 C. C. A. 95; Drew v. School Twp., 146 Iowa, 721); further than this the appellate court, having no original jurisdiction, cannot on appeal consider a matter not submitted below (Woods v. Bryan, 41 S. C. 74, 44 Am. St. 688). An illuminating dissenting opinion of WHEELER, J., in Coles v. Kelsey, 2 Tex. 541, 47 Am. D. 661, is apposite in this connection. It is to this effect: "If an objection not raised in the court below could be considered in the appellate court there would be no assurance there would ever be an end to the litigation; for should the judgment be reversed on such ground and the cause be again brought before the appellate court some new objection not before taken would require the judgment to be reversed and the cause remanded and the same process might be continued indefinitely." [See also 3 C. J. p. 691, sec. 580 and notes, and 4 C. J. p. 661, sec. 2556 and notes.]

It remains to be determined, therefore, whether the diverse findings of the trial court and the Court of Appeals in regard to the manner in which the deceased approached the crossing is of such a nature as to bring the case within the rule of a difference in theory between the trial and the appellate court. The Court of Appeals holds that if defendant's liability is to rest upon the finding of the trial court in this regard the verdict cannot stand. Considered alone this is an unqualified holding of non-liability under the facts stated. But construed with reference to the nature of the facts found and in connection with the court's subsequent language and its disposition of the case upon issues essential to a recovery it cannot be held to be a determinative ruling upon a matter at issue.

While it is true, as stated by the Court of Appeals, that "it devolves upon a plaintiff to prove with reasonable certainty that the cause for which a defendant is liable produced the result," the manner of the approach of the deceased to the crossing had no relation to or connection with the cause which resulted in his death. This cause was the manner in which the defendant's train approached the crossing. The duty of the defendant was to give some effective warning to free itself from a charge of negligence, taking into consideration the physical location, at the time, of the deceased and his *status* towards the defendant due to said location. The evidence discloses that he was on the public crossing when struck by defendant's train. Thus located, he was not a trespasser, and this is true so far as concerns the liability of the defendant, regardless of the manner in which the deceased approached the crossing; this conclusion accords with reason and is in harmony with our ruling in the recent case of Torrance v. Pryor, 210 S. W. 430, which was followed by the Court of Appeals. GRAVES, J., speaking for the court in that case, said in effect that "whilst in a public highway one cannot be a trespasser. An intention to shortly leave the highway (along the railroad) would not change

a person's right to be in the street, nor make her a trespasser upon the railroad property in the street."

This case fixes the *status* of the person injured as a non-trespasser and as a consequence defines the conditions of defendant's liability. In so holding, the immateriality of the fact as to the manner in which the injured party reached the highway is clearly indicated. Being immaterial, it is not an issue. Not being an issue it cannot be held to constitute a theory upon which the case was tried and hence the relator's contention must be overruled.

III. No discussion is required to demonstrate the inapplicability, under the facts in this case, of the rule, sought to be invoked by relator, that crossing signals are for the benefit of travelers on the public highway and not for trespassers. We have shown that the deceased was not a trespasser and hence not subject to the rule. The numerous cases cited, therefore, in support of this rule, with the correctness of which under a proper state of facts we have no controversy, are not in contravention of the ruling of the Court of Appeals in this case and their citation is futile to affect its judgment.

**Trespasser.**

IV. On a former appeal of this case (198 Mo. App. l. c. 615) the Court of Appeals held that if the deceased came upon the crossing by walking along the railroad track instead of the public road he was not entitled to recover on the negligence alleged that his approach was by such public road. In the present opinion the court held that although the deceased did approach the crossing by walking along the railroad track the defendant was nevertheless liable. This, relator contends, is error under the rule that the former opinion, absent any new evidence, became the law upon a subsequent appeal. This rule becomes apposite only when the ruling in the former opinion is determinative of some issue in the case. We have shown that the

**Law of Case.**

finding as to the manner of the approach of the deceased
to the crossing was not to be so classified. Decisive of
nothing, it could not, therefore, then or thereafter, be-
come the law of the case. This conclusion aside, how-
ever, there is in this case an equally potent reason why,
the rule cannot under its express limitations, be made
applicable. The facts as to the manner in which the de-
ceased approached the crossing are not the same in the
instant as in the former case. Note the language pertinent
hereto of the Court of Appeals in its opinion here under
review (215 S. W. l. c. 395) : "On this point the evidence
is not the same as at the previous trial. On the other ap-
peal we said, and such was then the evidence, that no one
saw the deceased after he left the town of Galena going
eastward toward his home, and no one testified as to
whether, on leaving the town and crossing James River
on the bridge, he chose to follow the public road or to
follow a much-used path onto and along the railroad
track to the fatal crossing. Considering the muddy con-
dition of the dirt road and the dangers of going along
the railroad, one could 'guess' at which he did. But
on this trial the defendant produced two witnesses
. . . who each testified that they saw the deceased
going toward his home along the railroad track on the
evening he was killed. Neither had testified at the other
trial, and each said he had not told any one of seeing
the deceased going along the track till just before this
trial. . . . According to the positive evidence of
these two witnesses, the deceased went onto the rail-
road after crossing the bridge just east of Galena and
walked along said track toward his home."

This excerpt is sufficient to show that in this re-
gard there was a material difference in the testimony
at the two trials. Under such circumstances the doc-
trine as to the binding force of a former ruling cannot
be effectively invoked. A review of the cases on this
subject is confirmatory of this conclusion. [State v.
Powell, 266 Mo. 106; Armor v. Frey, 253 Mo. 465;
Curtis v. Sexton, 252 Mo. 248; Benton v. St. Louis,

248 Mo. 102; Gracey v. St. Louis, 221 Mo. 5; Bridge Co. v. Stone, 194 Mo. 184; May v. Crawford, 150 Mo. 524; Keeton v. National Union, 182 S. W. 798.]

V. Relator further contends that the opinion affirms the judgment of the trial court upon issues and matters contained only in the reply and not in the petition, in contravention of the rule that a plaintiff must recover if at all on the matters alleged in the petition and not eke out the latter by matters brought into the case by the reply. This contention, inadvertently of course, does not correctly state the Court of Appeals' findings. After stating the substance of the pleadings, which we have set out *in haec verba* in Paragraph II of this opinion, the court indicates the manner in which it construed the reply in so far as the latter affected the disposition of the case, in that its effect and purpose was "primarily to meet the defense of contributory negligence set up in the defendant's answer." This was in harmony with the theory upon which the case was tried in which the instructions limited the plaintiff's right of recovery to the grounds of negligence stated in the petition. The language of the opinion being that:

*Recovery on Petition or Reply.*

"On an examination of the entire record, we find that the case was actually tried and determined on this theory. The real issue presented and tried was whether any signals were given or any effective warning sound made by this train in approaching and passing this crossing and whether any conspicuous light was being displayed, the dark and stormy condition being practically conceded. The evidence is such that the jury must have found either that the full statutory signals were given by this train or that no warning signals whatever were given; that either the headlight was burning as usual or that no light was displayed. No middle ground was presented. Under the evidence and instructions, the jury could have acquitted the deceased of contributory negligence only by finding that this

train approached this crossing and struck deceased thereon without any sufficient warning by sound or whistle to apprise him in the exercise of due care of its approach.

"Such, also, are the issues presented by the pleadings taken as a whole, for, while the petition counts on the failure to give the statutory signals, the reply is:

" 'The plaintiff for her reply denies that her husband could have seen or heard the train prior to going upon the track, because the night was very dark and the engine drawing said train was running without a light upon the front end and that a car was attached to the front end of said engine and was being pushed in front of said engine; that no signal whatever was given; no light upon said engine; therefore, owing to the conditions aforesaid, her husband had no warning of the approach of said train.'

"The defendant was therefore fully informed of the exact facts which plaintiff intended to prove and which plaintiff's evidence as believed by the jury did prove. It is also true that, while plaintiff's instructions predicate liability on failure to give the arbitrary statutory signals by bell or whistle on approaching this crossing, yet to so find under the evidence necessarily was to find that no signals or warning whatever were given; and by defendant's instruction on contributory negligence the finding must have been for defendant if the deceased could by using due care in looking and listening have discovered the coming train in time to have avoided being struck by it."

That the reply, therefore, either at the trial or upon appeal, had or was attempted to be given any other office than to inform the defendant of the facts which plaintiff intended to prove in rebuttal of the plea of contributory negligence, is not apparent from the record.

The plaintiff's right of recovery having been limited to the cause of action stated in her petition and the triers of the facts having, under proper instructions, so found, there is no substantial merit in this contention.

39—281 Mo.

As 'a consequence the following cases: Mathieson v. Railroad, 219 Mo. 552; Milliken v. Com. Co., 202 Mo. 654; Moss v. Fitch, 212 Mo. 503, and cases reviewed therein; Hill v. Rich Hill Coal Co., 119 Mo. 9, and Rhodes v. Land & Lumber Co., 105 Mo. App. 279, which announce the doctrine, well established in this jurisdiction, that a plaintiff must recover, if at all, upon the cause of action stated in the petition and not upon one stated in the reply, are inapplicable.

Finding no contravention in the opinion of the Court of Appeals with the last previous rulings of this court, there exists no ground for our interference with the judgment and our writ is therefore quashed· All concur.