**Byrd JELLISON, Plaintiff-Appellant,**

v.

**KROGER COMPANY, Defendant-Appellee.**

**No. 14321.**

United States Court of Appeals
Sixth Circuit.

April 28, 1961.

Robert E. Hogan, Louisville, Ky., for appellant.

Charles E. Duncan, Louisville, Ky., for appellee, Duncan & Lehnig, Louisville, Ky., on the brief.

Before MARTIN, McALLISTER and WEICK, Circuit Judges.

PER CURIAM.

Appellant was injured when she fell on the floor of appellee's "supermarket" store, in an aisle adjacent to a vegetable display counter or bin. She had been pushing one of the provision baskets, provided by the store, when her right foot suddenly slipped on a piece of onion top, which she noticed was stuck to her heel after the fall. There was a skid mark where her heel had slipped. After

the fall, she noticed little pieces of onion top on the floor. They looked as though they had been cut off the green part, or stalk of the onion. As mentioned, the fall happened in front of the vegetable counter. On the day of the accident, the vegetable bins were fully packed—"quite full," and "quite high" with onions and other vegetables. One of the employees of appellee company testified that the stacked vegetables sometimes fall on the floor. People will knock them off— "They usually fall off." Moreover, the management, according to the employee, knows that vegetables have fallen on the floor because of the way they were stacked in the bins. Among the different kinds of "green stuff" that could usually be expected to be found on the floor, according to the employee, were some of the leafy vegetables, such as celery, green onions, and cauliflower. In addition, the evidence is to the effect that customers handling the vegetables oftentimes cause parts of them to fall on the floor; and customers sometimes disarrange the bins after they have been stacked. This also causes them, or bits of them, to fall on the floor; and customers in passing by sometimes bump into them and knock them off the counters.

The management and employees of the store keep an eye out for such incidents. When vegetables fall on the floor, if employees see them, they immediately pick them up. The floor is swept by a regular sweeper, six or more times a day. The floor where appellant fell was swept between five and ten minutes before the accident.

If the onion top which caused appellant's heel to skid had fallen on the floor because of improper arrangement in the bin or counter, there would be a basis for recovery on the ground of the store's negligence in piling them so high, or in such a fashion, that parts of green produce would fall of themselves to the floor —provided such negligence were the proximate cause of the accident.

However, it is as likely that the onion top fell to the floor as a result of a cus-tomer's handling or examining, or sampling, or sorting through the vegetables to find exactly what he wanted, that being the common practice. For this, the company would not be liable.

■ Under the doctrine announced in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the law of the State of Kentucky here controls, since this is a diversity case where no federal question or procedural issue is involved, but only substantive law which is governed by the rule of the forum.

In Bosler v. Steiden Stores, Inc., 297 Ky. 17, 178 S.W.2d 839, 841, the Court of Appeals of Kentucky said:

"It is a commonly known fact that customers of what has become to be known as 'food Chain Stores' wait upon themselves from counters or bins where the merchandise has been placed in a manner to give them easy access to it. They fill their own packages and it is almost inevitable that some portion of some articles might be dropped on the floor upon which an immediately succeeding customer might step, producing his fall and consequent injury. It would therefore require almost a constant standby employee or servant to remove such litter upon the departure of each customer and to watch him in order to discover whether any such thing happened. Such a requirement would inevitably make the storekeeper an insurer and which burden the law declines to thrust upon him."

In its opinion in the Bosler case, supra, the Court quoted as follows from Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786, 787:

"The shopkeeper is not an insurer of the customer's safety and is not, as a general rule, bound to anticipate an independent act of negligence by a third party in depositing such objects on the floor. * * * Nor does

the fact that two or more employees of appellant were performing their duties within a few feet of the grapes which appellee says were on the floor show negligence on the part of the appellant * * *."

The evidence that the employees picked up fallen pieces of vegetable, whenever they saw them; the fact that the floors were regularly swept six or more times a day; and the further evidence that the area of the floor where appellant fell was swept between five to ten minutes before the accident, would absolve appellee from negligence in discovering the danger and taking steps to avoid it, in the light of the decisions in the above-cited Kentucky cases.

Appellee was therefore not liable merely because a customer might have, in passing, knocked a piece of vegetable from the counter or have caused it to fall in the course of sorting through, or examining the vegetables.

If the accident resulted from the vegetables, or pieces of them, falling to the floor because of improper piling or arrangement on the counter, this might well be negligence constituting proximate cause of the accident on the part of the appellee; and, in discussing such negligence, we find it unnecessary to refer again to the question of due care in regularly sweeping the floor, since such negligence might have been continuous or of such a character that regular sweeping of the floor would not exonerate.

In any event, the rule is that if any injury may result from one or two causes, for one of which, and not for the other, the defendant is liable, plaintiff must show with reasonable certainty that the cause for which defendant was liable produced the accident which may have resulted. State ex rel. Bush v. Sturgis, 281 Mo. 598, 221 S.W. 91, 9 A.L.R. 1315. Where the injury sued for may, from the facts and circumstances, be as reasonably attributed to a cause excusing defendant from liability as to a cause subjecting him thereto, the cause excusing him will be presumed. McKamey v. Louisville & Nashville Railroad Co., 271 S.W.2d 902 (Court of Appeals of Kentucky). Persons who perpetrate torts are, as a rule, responsible and only responsible for the proximate consequences of the wrongs they commit. Liberty Nat. Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 61 A.L.R.2d 1346. Perhaps the best statement on the subject is that of the Supreme Court in Pennsylvania Railroad Co. v. Chamberlain, 288 U.S. 333, 339, 53 S.Ct. 391, 393, 77 L.Ed. 819, where the Court said:

> "We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover."

This case, it is to be observed in answer to the able argument of appellant's counsel, is not one involving rules as to the sufficiency of the evidence; it is not concerned with a procedural rule. It is solely a case where the proven facts give *equal* support to each of two inconsistent inferences. It is a case for the application of the state law of the forum, in this instance, the law of Kentucky.

We have considered appellant's argument that the rule laid down in Preston v. Safeway Stores, Inc., D.C., 163 F.Supp. 749, should here govern. There, in a closely reasoned opinion, Judge Holtzoff held that the doctrine that a jury could not draw inferences that a defendant was negligent where the evidence was equally consistent with the hypothesis that he was not negligent, no longer prevailed in federal courts since the decision of the Supreme Court in Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916. On appeal of the Preston case, supra, the judgment was affirmed by the Court of

Appeals of the District of Columbia, 106 U.S.App.D.C. 114, 269 F.2d 781, in which the majority opinion stated that it did not consider appellant's assaults on the case of Lavender v. Kurn. However, in the dissenting opinion of Judge Wilbur K. Miller, it was said that Lavender v. Kurn was intended to apply only to cases arising under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and should not be extended generally in negligence cases. Judge Miller further stated that in the case then before the court, the proof justified equally well the inference that defendant had not been negligent; and that the trial court should therefore have directed a judgment for defendant. On petition for rehearing, Judge Bastian concurred in the prior majority opinion, and further stated that he was in accord with the view that Lavender v. Kurn should be limited to the Federal Employers' Liability cases. He further declared that the judgment should be, and had been, affirmed on the ground that the case was controlled by the cases on common law negligence as they exist in the District of Columbia.

Accepting the foregoing view of the Preston case, we are of the opinion, then, that the decision in that case is not, in principle, or on the facts, in conflict with our determination that the instant case is controlled by the cases on common law negligence as they exist in the State of Kentucky, notably in the Bosler and Kroger cases, supra, which we are obliged to follow, under the doctrine of Erie Railroad Co. v. Tompkins, supra.

Since the proven facts give *equal* support to the inference that the accident was caused by the acts of customers of the store, and to the inference that the store itself was negligent in improperly piling and arranging its produce on the counter, each inference being inconsistent, and neither being established as the proximate cause, appellant is not entitled to recover.

In accordance with the foregoing, the judgment of the District Court is affirmed.