**W. H. CLAPPER and Noma Williams, Appellants,**

v.

**Frank CHANDLER, Administrator of the Estate of Stanley Clapper, Deceased, Respondent.**

No. 8522.

Springfield Court of Appeals.

Missouri.

Aug. 16, 1966.

Herbert Douglas, Douglas & Douglas, Neosho, for appellants.

James L. Paul, Pineville, for respondent.

HOGAN, Judge.

This appeal is taken from an order of the Circuit Court of McDonald County, refusing to set aside an order of the probate court directing a sale of the intestate's realty to satisfy the claims of creditors. The principal question involved is whether the original order of sale was void for want of compliance with the notice requirements of paragraph 2 of Section 473.493.[1]

Our jurisdiction has been questioned on the ground that title to real estate is involved within the meaning of Section 3, Article V of the Constitution of 1945. Inasmuch as the order complained of was made by the probate court, and the jurisdiction of the circuit court on appeal was only such as could be exercised by the probate court, In re Myers' Estate, Mo., 376 S.W.2d 219, 222 [4]; In re Franz' Estate, Mo., 372 S.W.2d 885, 902 [10], we conclude that the order or judgment appealed from *cannot* be said to have affected title directly in the appellate jurisdictional sense, and we therefore deny the appellants' motion to transfer the cause to the Supreme Court on that ground. See Bank of Forest City v. Pettijohn, 338 Mo. 506, 92 S.W.2d 189; Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 952–953, 2 S.W.2d 771, 774 [4–6] [7].

On October 17, 1962, Stanley Clapper, age 28, died intestate in McDonald County. An application for letters of administration was filed in the probate court on April 3, 1963, and letters were issued to the respondent on the same day. Appellant Noma (or Norma) C. Williams is the decedent's sister, and appellant William Clapper is his brother. The application for letters of administration also listed six additional sisters as decedent's heirs, but gave no estimate of the amount of his real or personal property. On June 10, 1963, the administrator petitioned the probate court for an order to sell 280 acres of land belonging to the estate, on the ground that the sale was necessary to satisfy the claims of creditors. On the following day, the court issued an order setting the hearing on the petition for July 15, 1963, and requiring that notice of the hearing be given to all "heirs and devisees who are interested persons," both by publication and by ordinary mail, and further ordering that proof of publication be filed in court on or before the date of the hearing.

It has been stipulated that no notice was given to any of the heirs by mail, and that the insertion dates of the order of publication were June 21, June 28, July 5 and

---

1. L.1955, p. 385, Section 179, as amended L.1957, p. 829, Section 1. Except where otherwise noted, all references to statutes and rules are to RSMo (1959), V.A.M.S. and V.A.M.R.

July 12, 1963. The hearing on respondent's petition for an order of sale was held on July 15, 1963, twenty-four days after the date of the first insertion, whereas paragraph 2 of Section 473.493 specifies that when service by publication is ordered the hearing shall be held not less than thirty days nor more than forty-two days after the date of the first insertion of the publication.

Subsequently, the order of sale was made and appellant Williams and her husband undertook to purchase the property for the sum of $6,000.00. They were unable to obtain the money to make the purchase; the order of sale originally entered was thereafter modified and eventually a sale was made to a Mr. Fred C. Hinds. Mr. Hinds, we gather, has paid the sum of $7,200.00 for the realty, and the record at least indicates that he has received a deed. No final settlement has been filed in the estate, or at least had not been filed at trial time. A number of proceedings were had in the probate court relating to this order of sale between the time it was originally entered on July 15, 1963, and the time the sale to Mr. Hinds was completed and approved by the probate court on February 24, 1964. The validity of these various proceedings and the probate court's interim orders is not questioned; the issue actually tendered and tried in the probate court, and again in the circuit court, is whether the original order of sale was void, or merely irregular or erroneous for lack of compliance with the notice provisions of Section 473.493. The circuit court, from whose judgment the appellants have prosecuted this appeal, refused to set aside the order of sale, relying principally upon the language of Section 473.013 (the so-called "single notice" provision) and secondarily upon the appellants' participation and acquiescence in the sale proceedings as constituting a species of waiver or estoppel.

The case is before us for review de novo under the provisions of Rule 73.-01(d), Cranford v. Langston, Mo.App., 356 S.W.2d 581, 584 [1], and we have given the whole record and the applicable law entirely fresh consideration, as is our duty. Cross v. Gimlin, Mo., 256 S.W.2d 812–813 [2, 3]; Redden v. Boehmer, Mo.App., 223 S.W.2d 127, 129 [1, 2]. We have, nevertheless, made certain assumptions concerning matters which are not questioned. We have assumed that the orders modifying, setting aside, and then reinstating the original order of sale are valid. They were all made within one year after the original order was entered, Section 473.500, and no sale prior to that made to Mr. Hinds was actually consummated. Section 473.517. Also, we have assumed that appellants' method of attack upon the order was proper. Actually, the appellants' pleading was styled an "Application to Set Aside Order for the Sale of Real Estate dated February 24, 1964," but the appellants made it clear that they were attacking the original order, which had been set aside in January 1964, after Mrs. Williams failed to consummate her purchase of the property. Issue was joined without objection by the respondent. We have assumed it is within the power of the probate court to set aside a wholly void order at any time prior to its approval of the final settlement. In re Tate's Estate, Mo.App., 262 S.W.2d 70, 77–78 [9]; 1 Woerner, American Law of Administration, Section 146, p. 493 (3rd ed. 1923). We do not attempt to characterize the appellants' motion as a proceeding under the provisions of Section 472.150 or as a motion in the nature of a writ of error coram nobis, as discussed in In re Sheldon's Estate, 354 Mo. 232, 238, 239, 189 S.W.2d 235, 237, 238 [4] [7], though in this case the invalidity of the order is not only patent upon the record; the factual matters relied on by the appellants are stipulated. Again, the issue actually tendered and tried was whether the original order was void for want of notice, and of course, fundamentally, our duty as an appellate court is to determine whether the real matters in issue were tried without error. State ex rel. Bush v. Sturgis, 281 Mo. 598, 604, 221 S.W. 91, 92, 9 A.L.R. 1315, 1319.

Section 473.013,[2] upon which the trial court relied, is as follows:

"The administration of the estate of a decedent from the filing of the application for letters testamentary or of administration until the decree of final distribution and the discharge of the last administrator or executor is deemed one proceeding for purposes of jurisdiction. Such entire proceeding is a proceeding in rem. No notice is jurisdictional except the notice by publication provided in section 473.033,[3] unless the provision requiring the notice expressly provides that the notice is jurisdictional."

This section is taken from Section 62 of the Model Probate Code.[4] Literally, it provides that the administration of a decedent's estate shall constitute one continuous proceeding in rem, the original notice of which suffices as notice of the entire proceeding. State ex rel. Plymesser v. Cleaveland, Mo., 387 S.W.2d 556, 559–560; Summers, Introduction to the Probate Code, 25 V.A.M.S. vii–viii (1956). The question before us is whether the statutory language requiring only the original notice can be applied literally to the sale of an intestate's realty to satisfy the claims of creditors. In our opinion, it cannot.

In rationalizing our opinion, we have set certain considerations to one side. It has been suggested by at least one careful writer on the subject that a proper construction of Section 473.013, as it applies to Section 473.493, involves constitutional principles; that due process may require notice even though the sale is part of a proceeding in rem. Maus, 4 Missouri Practice, Section 1083, p. 313.[5] Possibly so, but we have neither the authority nor the inclination to base our opinion upon that ground. It has also been suggested that when the heirs' addresses are known, as they were in this case, due process requires that personal notice be given, if notice is required.[6] We have likewise set that suggestion to one side; we have assumed that if the notice required by Section 473.493, par. 2, is jurisdictional despite the language of Section 473.013, publication is sufficient. Rather, we have reached our conclusion by examining what we understand to be the notion or conception underlying the theory of an administration as a single proceeding, of which a single notice is sufficient.

■ Because a probate proceeding is an in rem proceeding, and because the court's jurisdiction is based on its power over the res (the decedent's property) rather than its jurisdiction over the person, a persuasive argument can be made that a single, reasonable notice is sufficient notice of the entire administration proceeding from beginning to end.[7] Neverthe-

2. L.1955, p. 385, Section 31, as amended L.1957, p 829, Section 1.

3. Which provides for notice of the issuance of letters by publication, and by ordinary mail to each heir and devisee whose name and address is shown by the application for letters or other records of the court.

4. "§ 62. Character of Proceeding. The administration of the estate of a decedent from the filing of the petition for probate and administration or for administration until the decree of final distribution and the discharge of the last personal representative shall be considered as one proceeding for purposes of jurisdiction. Such entire proceeding is a proceeding in rem. No notice shall be jurisdictional except as provided in sections 69 and 70 [which provide for notice of the beginning of probate proceedings]." Model Probate Code, Section 62, p. 91 (Simes 1946). This document is hereinafter referred to as the Model Code.

5. The author cites State ex rel. Deems v. Holtcamp, 245 Mo. 655, 669–670, 151 S.W. 153, 157 [8, 9].

6. See Comment, 70 Harv.L.R. 1257, 1269–1270 (1957), suggesting that Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, implies such a requirement. To the contrary, see In re Shew's Estate, 48 Wash. 2d 732, 296 P.2d 667, 669 [4]; Comment, 50 Mich.L.R. 124, 132–138 (1951).

7. See, e. g., Barrette v. Whitney, 36 Utah 574, 106 P. 522, 525–526, 37 L.R.A.,N.S., 368; Simes, The Administration of a Decedent's Estate as a Proceeding in Rem,

less, the res must be affirmatively subjected to the court's jurisdiction, Restatement, Judgments, Section 32, comment (e), p. 130, and possession or control of the property itself is regarded as essential to the exercise of jurisdiction in rem. 30A Am.Jur. Judgments, Section 131, p. 246. In the situation at hand, the res consisted of the property of the decedent grasped through the personal representative as an officer of the court, State ex rel. Gott v. Fidelity and Deposit Co. of Baltimore, Md., 317 Mo. 1078, 1089–1090, 298 S.W. 83, 88 [8], but, in our view, if the title and right to possession of the decedent's realty did not vest in the personal representative by virtue of the grant of letters, then the probate court acquired no in rem jurisdiction as to the real property. 1 Woerner, American Law of Administration, Section 148, pp. 500–504.[8] Indeed, the single proceeding, single notice scheme of the Model Code was based on the assumption that the probate court took jurisdiction of the land of the decedent as well as his personalty from the inception of the proceeding, Model Code, p. 91, and its provisions make it mandatory that the personal representative take possession. Model Code, Section 124, and Comment, pp. 133–134. The rather narrow question to be determined, then, is whether the Probate Code of 1955 vests the personal representative with an interest in or right of possession to realty more extensive than he had under the former law, so that the res grasped by the probate court includes an intestate's realty, or whether, as under the prior law, the primary interest in and right of possession to realty vests in the heirs. Under the former law, a proceeding to sell an intestate decedent's realty was a proceeding in invitum, a forced devestiture of the heirs' title, Jones v. Carter, 56 Mo. 403, 406 [1], and therefore notice of the application for an order of sale for the full statutory period was an indispensable prerequisite to the jurisdiction of the probate court to order the sale. Norton v. Reed, 253 Mo. 236, 250–251, 161 S.W. 842, 846 [1] [2].

■ We conclude, after careful consideration, that under the present law the probate court acquires no more jurisdiction initially over an intestate's realty than it did under the prior statutes. It is true that Section 473.260 provides that the heirs' or devisees' possession is " * * * subject to the possession of the executor or administrator * * * and [the property] is chargeable with the expenses of administering the estate [and] the payment of other claims and allowances * * * except as otherwise provided in this law," but, in a sense, the heirs' right of possession has always been qualified, for as was pointed out in Eoff v. Thompkins, 66 Mo. 225, 226, " * * * [w]hen a man dies, his real estate, though technically descending to his heirs, does so cum onere— immediately comes into the custody of the law, to be administered in due course. * * *" Nor does Section 473.263, concerning the possession of the decedent's assets, make it the duty of the personal representative to take possession of the real property, as does its counterpart in the Model Code.[9] This section does not even seem to give the personal representative a

---

Model Code, Part III, pp. 505–516; Comments, supra, 70 Harv.L.R. at 1260–1261; 50 Mich.L.R. at 127–132; Restatement, Judgments, Sections 2, p. 12, and 32, p. 127 (1942).

8. See also Simes, The Administration of a Decedent's Estate as a Proceeding in Rem, supra, Model Code at pp. 509–510.

9. Model Code, Section 124, p. 133. "Every personal representative shall have a right to, and shall take, possession of all the real and personal property of the decedent except the homestead and exempt property of the surviving spouse and minor children. He shall pay the taxes and collect the rents and earnings thereon until the estate is settled or until delivered by order of the court to the distributees. He shall keep in tenantable repair the buildings and fixtures under his control and may protect the same by insurance. He may maintain an action for the possession of the real property or to determine the title to the same."

permissive right to possession of the decedent's realty, as do the foreign statutes considered by its framers to be similar. The Final Report of the Joint Probate Laws Revision Committee, p. 69 (1955), indicates that Section 473.263 was taken in part from the Kansas statute, Section 59–1401, K.S.A. (1964), which gives the personal representative a permissive right to possession of the realty, and also in part from the Minnesota statute, which confers similar authority, Peterson v. Peterson, 173 Kan. 636, 251 P.2d 221, 224 [2, 3]; Bowen v. Willard, 203 Minn. 289, 281 N.W. 256, 258–259 [2], but Section 473.263, it seems to us, still conditions the personal representative's right to possession of realty upon a specific order of the probate court, as did the former law. Rollins v. Shaner, 316 Mo. 953, 959–960, 292 S.W. 419, 421–422 [9]; Langston v. Canterbury, 173 Mo. 122, 130–131, 73 S.W. 151, 152–153 [2]; Trenton Motor Co. v. Watkins, Mo.App., 291 S.W.2d 659, 663 [2, 3]. We may also note, without attempting any general construction of the Probate Code, that the rules of descent and distribution still vest the heirs (and surviving spouse) with title to an intestate's real property, subject to the payment of claims, Section 474.010; that his heirs still have at least a limited right to dispose of their interest in the realty by virtue of Section 473.460, subsection 4; and, presumably, they are still entitled to partition, subject to the debts of the estate. Rule 96.14. It is therefore our opinion that compliance with the notice provisions of Section 473.493 is still an essential condition precedent to the exercise of the probate court's jurisdiction to order the sale of an intestate decedent's real property to satisfy claims, as it was prior to 1955. Inasmuch as the defective publication rendered it substantially less likely that the heirs did receive actual notice of the hearing on respondent's petition for an order of sale, and since the personal notice which the probate court ordered was not given, we conclude that the order originally entered and subsequently renewed was void, and not merely irregular or erroneous. Restatement, Judgments, Section 8, Comments (a) and (b), pp. 46–48. We do not undertake to say that if publication alone had been ordered by the probate court, and if such publication had been properly made, and the requirements of Section 473.493 with respect to hearing date had been followed, that such would have been insufficient. We do think that the notice requirements of Section 473.493 were amended and made specific precisely to avoid the kind of confusion which arose in connection with statutes requiring publication only for a prescribed number of consecutive weeks, which sometimes left the requisite period of actual notice in doubt. See City of Brunswick ex rel. Barkwell v. Benecke, 289 Mo. 307, 314–319, 233 S.W. 169, 170–172.

We bear in mind that if appellants had voluntarily appeared at the hearing upon the petition, they would have waived the notice provisions, and that notice might have been specifically waived. Section 472.130. The record does not establish such a waiver, however, and the fact of actual notice is not sufficient to make the order valid. Restatement, Judgments, Section 6, comments (d) and (e), pp. 38–39. Nor have we overlooked the respondent's insistent argument that appellants' participation or acquiescence in the sale precludes them from questioning its validity. We think, however, that we cannot apply the principle of "estoppel," or perhaps more properly ratification, to this case. To reiterate, the question whether the order of sale is void or merely reversible or voidable for failure to comply with the procedural requirements of Section 473.493 depends in turn upon whether compliance with these procedural requirements is a condition precedent to the exercise of jurisdiction by the court. Restatement, Judgments, Section 8, Comment (b), pp. 46–48. As we have stated at length, we conclude that the notice requirement of Section 473.493 is still a condition precedent to the exercise of the probate court's jurisdiction, Norton v. Reed, supra, 253 Mo. at 251, 161 S.W. at 846 [2]; Young v. Downey, 150 Mo. 317,

330, 51 S.W. 751, 754, and that the order of sale is wholly void, and not merely voidable or erroneous. This is not a case in which the appellants have received the proceeds of a judicial sale and seek to repudiate it, as was Meddis v. Kenney, 176 Mo. 200, 75 S.W. 633; there has been no distribution of the proceeds, and in our view the appellants' mere acquiescence or participation in the sale would not preclude them from contesting the validity of the original order. See Linville v. Ripley, 347 Mo. 95, 101, 146 S.W.2d 581, 583–584 [7, 8]. The order should have been set aside.

■■■■ We are aware that such a disposition of the cause leaves some loose ends. Probably the conveyance executed leaves a cloud on the heirs' title, which the probate court cannot, of course, remove. We also bear in mind that the scheme of the Probate Code has in view that no order will be set aside when it will affect "any act done or any right acquired in reliance on any such order, judgment or decree." Section 472.150. Nevertheless, the doctrine of caveat emptor applies to sales of realty to satisfy claims, In re Claus' Estate, Mo.App., 167 S.W.2d 372, 375 [9], and the defects of process in this case were readily discoverable on an inspection of the records of the probate court. The purchaser's rights, of course, are not ascertainable in the probate court, but remain subject to determination in the proper forum. See In re Schell's Estate, Mo.App., 390 S.W.2d 618, 620 [3].

For the reasons indicated, the judgment is reversed and the cause remanded, with directions to enter a judgment setting aside the order of sale dated February 24, 1964.

STONE, P. J., concurs.

TITUS, J., not participating, because not a member of the court when this cause was submitted.