**Thelma YOUNGHAUS et al., Appellants,**

v.

**Marguerite LAKEY et al., Respondents.**

No. 28461.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Motion for Rehearing and/or Transfer
Denied Aug. 29, 1977.

Application to Transfer Denied
Oct. 11, 1977.

Robert F. Pyatt, Chillicothe, for appellants.

Don Chapman, Jr., Robert E. Cowherd, Chapman & Chapman, Chillicothe, for respondents.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from summary judgment of dismissal of plaintiffs' action for determination and declaration under Section 527.040, RSMo 1969, that they are the heirs at law of Dave Volk, deceased, and entitled to succeed to his property. The dispositive question is whether the circuit court properly determined it was without jurisdiction for the reason that the Probate Court of Livingston County had assumed and exercised full jurisdiction over the issue of heirship and its collateral incidents. Affirmed.

Dave Volk died intestate January 23, 1971, a resident of Livingston County. Letters of administration were granted January 28, 1971, to Marguerite Lakey by the Probate Court of Livingston County. Statutory notice of such letters was first published February 4, 1971. This declaratory judgment suit was filed in the circuit court May 14, 1971. No notice of claim under Section 473.360, RSMo., was filed in the probate court within six months after the first published notice of letters. A finding and decree of heirship, succession, and distribution recognizing Marguerite Lakey as the adopted sister of decedent and entitled to his property was made May 12, 1972. The estate was closed and Marguerite Lakey, administratrix, was discharged June 28, 1972. No appeal was taken from the orders of the probate court as provided by Section 472.160, RSMo.

Plaintiffs' petition for declaratory judgment alleged, among other things, that they were cousins of Dave Volk, deceased, and denied that Marguerite Lakey was the only heir at law of Dave Volk, deceased, as his adopted sister, as stated in her application for letters of administration. They prayed for a declaratory judgment that they are the heirs at law of Dave Volk, deceased, and entitled to his property.

Defendant Marguerite Lakey moved for summary judgment of dismissal of plaintiffs' action on the ground, among others, that there was no issue to be resolved in the cause for the reason the probate court had fully and finally determined all issues raised by plaintiffs' action. Her motion was sustained and judgment against plaintiffs was entered accordingly September 11, 1975.

Appellants argue that their circuit court action should not have been dismissed because the heirship of Dave Volk, deceased, was a material issue of fact; and that the question was live because the probate court did not have exclusive jurisdiction of the question.

The question in this case is governed by the rule that when a court of competent jurisdiction becomes possessed of a cause, its authority continues, subject only to the authority of a superior court, until the matter is finally and completely resolved; and no court of concurrent jurisdiction may interfere with its action. *State ex rel. Sullivan v. Reynolds*, 209 Mo. 161, 107 S.W. 487 (1907); *Stark v. Moffit*, 352 S.W.2d 165, 167[1] (Mo.App.1961); *Nicholls v. Lowther*, 491 S.W.2d 3, 5[3] (Mo.App. 1973). The test for application of the rule is whether there is a prior action between the same parties involving the same subject matter; and whether the court in which the prior suit is pending has jurisdiction to render the particular relief sought in the subsequent action. Where the prior jurisdiction has terminated or is inadequate to afford the necessary relief, the assumption of jurisdiction by another court is permissible. *In re Gaebler's Estate*, 248 S.W.2d 12, 15 (Mo.App.1952).

In this case the prior action was the administration of the estate of Dave Volk, deceased, in the Probate Court of Livingston County. It was commenced upon the application for letters of administration of Marguerite Lakey, in which she alleged she was the sole heir at law of decedent. There is no question that statutory notice of the pendency of the administration was given, and plaintiffs' pleadings demonstrate they had actual knowledge of the proceedings and the claim of Marguerite Lakey that she was the sole heir of decedent. One of the necessary incidents of the probate proceeding was the determination that Marguerite Lakey was the sole heir of decedent as his adopted sister and entitled to distribution of his estate, the same issues as those sought to be litigated in the subsequent proceeding in the circuit court.

The probate court had jurisdiction in the prior proceeding to render the determination of heirship sought in the subsequent action. "The probate court has jurisdiction over all matters pertaining to probate business * * * including jurisdiction of * * * the determination of heirship * * *," Section 472.020, RSMo 1969; and "in its decree of final distribution, * * * shall designate the persons to whom distri-

bution is to be made * * * [which] distribution is a conclusive determination of the persons who are the successors in interest to the estate of the decedent * * * subject only to the right of appeal and the right to reopen the decree * * *." Section 473.617, RSMo 1969. Such determination in this case was not subjected to appeal or reopening.

 The probate court, in the exercise of its statutory jurisdiction, resolved the question and, accordingly, there was nothing remaining to warrant jurisdiction in the circuit court under the Declaratory Judgment Act, Chapter 527, RSMo.

Judgment affirmed.

All concur.