Ernest CARPENTER, et al.,
Plaintiffs-Respondents,

v.

Robert L. WHITE, Jr., et al.,
Defendants-Respondents,

and

Ida Myrtle Moody Little, et al.,
Intervenors-Defendants-Appellants.

Ida Myrtle Moody LITTLE, et al.,
Plaintiffs-Appellants,

v.

Burlie MOODY, et al.,
Defendants-Respondents.

Nos. 13045, 13046.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 19, 1984.

Wendell W. Crow, Ford, Ford, Crow & Reynolds, Kennett, for intervenors-plaintiffs-defendants-appellants.

William O. Welman, Welman, Beaton, Williams & McVey, Kennett, N. Alan Lubin, Memphis, Tenn., for defendants-respondents Robert L. White, Jr., et al.

Harry H. Bock, Bock & Jones, New Madrid, for plaintiffs-respondents Ernest Carpenter et al.

Byron D. Luber, Ward & Reeves, Caruthersville, for defendants-respondents Burlie Moody, et al.

MAUS, Judge.

These consolidated appeals from judgments in a declaratory judgment action and a partition action present a single issue. That issue is whether or not a decree of distribution entered by the probate division of a circuit court in an intestate estate is a conclusive determination of the decedent's successors in interest in two described tracts of real property. The trial court in each action held the decree to be a conclusive bar to the claim of the appellants who were not named in that decree. There is no dispute concerning the essential facts which are summarized as follows.

Clara White Benthall died intestate on March 6, 1979, a resident of Pemiscot County. On March 28, 1979, the probate division of the circuit court of that county granted letters of administration on her estate. The application for letters listed 14 first cousins as the sole heirs of the decedent. In fact, the 10 appellants were also first cousins of the decedent and were also her heirs at law. However, they were not listed in the application for letters.

Notice of letters in the form approved by the Missouri Probate Judges Association was published as required by § 473.033, commencing on April 5, 1979. The two tracts of real property in question were inventoried and appraised as assets of her estate. On December 26, 1980, the probate division entered an order entitled "Final Settlement Approved, Finding and Order of Distribution." The parties by implication concede the filing of a final settlement, a petition for distribution and the entry of this order were made upon notice by publication and by mail as provided by § 473.-587.

The decree of distribution was in the form approved by the Missouri Probate Judges Association. Among other things, that decree, in the language of that form, determined that the 14 individuals listed in the application as first cousins of the decedent were the only heirs at law. The decree distributed her personal property and the two tracts of real property, which were specifically described, in equal shares to those 14 named individuals.

The appellants were not included in the decree of distribution. When that decree of distribution was interposed as a bar to the appellants' claims, the time for appeal from or within which the probate division could have vacated that decree had expired.

The applicant for letters, the administratrix, did not testify. She was not an heir of the decedent. There was no formal charge or informal intimation that she concealed the identity of the appellants. She was apparently unaware of their existence.

As stated, the appellants contend the decree of distribution is not a bar to their claims, as heirs at law of the decedent, to the two tracts of real property described in that decree. To sustain the conclusiveness of that decree, the respondents rely upon § 473.013, the single notice statute.[1] It has been urged that under this statute, by the publication of notice of letters as prescribed by § 473.033, the probate court acquired in rem jurisdiction over the estate for the entire administration, including the decree of distribution. Basye, Proof of Succession to Land Under the New Missouri Probate Code, 25 Kansas City L.Rev. 67, 73 (1957). However, it has been recognized there are limitations upon the jurisdiction so acquired.

> Although it has been stated that a probate estate administration is one proceeding, *in rem,* and that the publication of notice of letters granted commences the various statutes of limitation relating to claims and will contests, it is equally clear that such publication does not bind *all* interested persons in connection with *all* actions of the court in adjudicating controversies which may arise during the course of administration. This proposition is evident from an examination of the Probate Code, for example, in reference to notice of hearing on claims, proceedings to sell real property and notice of final settlement. Borron, Jurisdiction and Practice in the Probate Division Under the Court Reform Act, 36 Mo.Bar J. 13, 19–20 (1980).

That jurisdiction is also limited by the principles of due process as expressed in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865

(1950) and other cases. Also see *Lohr v. Cobur Corp.,* 654 S.W.2d 883 (Mo. banc 1983); *Haas v. Haas,* 504 S.W.2d 44 (Mo. 1974); *Bollenger v. Bray,* 411 S.W.2d 65 (Mo.1967); Practice Note to § 473.587 Missouri Probate Code—1980 Mo.Bar C.L.E.

But, the appellants do not base their contention upon a denial of due process. Nor do they contend the notice prescribed by § 473.587 was not given. They contend the decree of distribution is not conclusive because the probate division had no jurisdiction to determine the devolution of title to real, as distinguished from personal, property. They do not base this contention upon any constitutional limitation upon the power of the legislature to vest the probate division with that jurisdiction. They first argue that before the enactment of the 1955 Probate Code, the probate court had no jurisdiction to distribute real property. They then assert the language of the 1955 Probate Code does not change that rule. In support of that argument they emphasize § 473.260, which, among other things, provides "[w]hen a person dies, his real and personal property ... passes ... to the persons who succeed to his estate as his heirs ...."

■ For the purposes of this opinion, it may be conceded that appellants' first argument is valid. "Before the code, the court could determine the persons who succeeded to the interest of a decedent in personal property (Secs. 465.170) but not in real estate ...." Welch, Determining Interests in Estate Distribution, Mo.Est.Adm. (Mo.Bar CLE) § 13.2, p. 216 (1960). But, their next contention is not valid. It is not necessary that a personal representative take possession of real property for that property to be subject to an order of the probate court made upon a required notice. Nor does the fact title to real property passes to the heirs or devisees of a decedent cause such an order to be ineffective. The

1. Effective January 1, 1981, § 473.013 was amended to expressly provide that from the first publication of notice of letters the probate division has jurisdiction of the real and personal property of the decedent in this state. This amendment has been said to correct the lack of jurisdiction declared in *Clapper v. Chandler,* 406 S.W.2d 114 (Mo.App.1966), hereafter discussed. Comment to § 473.013 Missouri Probate Code—1980 Mo.Bar C.L.E.

jurisdiction of the probate division over personal and real property is exemplified by the finality of the admission or rejection of a will, *Haas v. Haas,* supra; by the power of the probate division to order a sale of real property, § 473.460; *Black v. Stevens,* 599 S.W.2d 54 (Mo.App.1980); and the exclusive jurisdiction of the probate division to determine if an agreement bars a spouse from electing to take against a will, *Henderson v. Allen,* 440 S.W.2d 446 (Mo.1969).

■ The intent of the legislature in the enactment of the 1955 Probate Code to cause the decree of distribution to be a conclusive determination of those who succeed to his real, as well as personal, property is clear. § 473.013 in part provides, "[t]he administration of the estate of a decedent from the filing of the application for letters testamentary or of administration until the decree of final distribution and the discharge of the last personal representative is deemed one proceeding for purposes of jurisdiction. Such entire proceeding is a proceeding in rem." The term estate means the real and personal property of the decedent. § 472.010(11). The decree of final distribution is the subject of § 473.617. The entire tenor of that section is that the probate division is to distribute the decedent's real property as well as the personal property. This is emphasized by the following portions of that section.

> [T]he court shall designate the persons to whom distribution is to be made, and the proportions or parts of the estate, or the amounts, to which each is entitled under the will and the provisions of this law, .... Every tract of real property so distributed shall be specifically described therein....
>
> ....
>
> The decree of final distribution is a conclusive determination of the persons who are the successors in interest to the estate of the decedent and of the extent and character of their interests therein, subject only to the right of appeal and the right to reopen the decree. It operates as the final adjudication of the transfer of the right, title and interest of the decedent to the distributees therein designated; .... § 473.617.

Under the provisions of the 1955 Probate Code, the decree of distribution of the estate of Clara White Benthall was a conclusive determination that the first cousins named in that decree succeeded to her interest in the two described tracts of real property.

It is true the 1955 Probate Code was adopted when the jurisdiction of the probate court was defined by Mo. Const. Art V., § 16 (1945). The jurisdiction granted by that constitutional provision included, among other things, "all matters pertaining to probate business." "Matters of probate business, as commonly understood and under all the authorities, pertain to the proving of wills, the appointment of guardians and curators, and the administration and settlement of estates of decedents, incompetents and the like." *Downey v. Schrader,* 353 Mo. 40, 44, 182 S.W.2d 320, 323 (banc 1944).

■ A decree determining those who succeed to the real and personal property of a decedent clearly falls within the meaning of that phrase and within that constitutional grant of jurisdiction to the probate court. That constitutional grant in force when the 1955 code was adopted presents no reasons to deny validity to or more narrowly construe the provisions of that probate code now in question.

The appellants have placed their principal reliance upon the following sentence taken from *Clapper v. Chandler,* 406 S.W.2d 114, 119 (Mo.App.1966). "We conclude, after careful consideration, that under the present law the probate court acquires no more jurisdiction initially over an intestate's realty than it would under the prior statutes." In *Clapper,* this court was considering the validity of a sale of real property. Notice of the hearing upon the petition to sell was not given in the manner directed by the probate court within the requirements of § 473.493. The attention of this court was focused upon the effectiveness of the single notice statute to give validity to the sale. This court held the probate court

had no more jurisdiction under the 1955 Probate Code to order the sale of real property upon defective notice than it had under the prior law. This case has been criticized upon the basis the single notice statute gave the court jurisdiction to order the sale upon defective notice or even no notice. Basye, Are Probate Courts in Missouri Undergoing Retrogression?, 32 Mo.L.Rev. 175 (1967). It is not necessary to consider this criticism in the light of decisions such as *Mullane v. Central Hanover Bank & Trust Co.,* supra, and *Lohr v. Cobur Corp,* supra. The appellants do not question the fact the decree of distribution of the estate of Clara White Benthall was entered upon notice prescribed by § 473.587.

The appellants also cite *McNeal v. Bonnel,* 412 S.W.2d 167 (Mo.1967). In that case the court held a decree of distribution contrary to the plain provisions of a will was void. That decision was based upon principles enunciated in *Hughes v. Neely,* 332 S.W.2d 1 (Mo.1960). The latter case declared certain judgments void because it was shown "on the face of the record (the facts stated in the pleadings and found in the decree) that the court had no authority, power or jurisdiction to render such judgments because the facts stated conclusively showed that the plaintiff therein had no cause of action for such judgments and had no right thereto whatever." *Hughes,* at 11. It is not necessary to dwell upon the ramifications of these cases as applied to decrees of distribution as the principles upon which they are based are not applicable to this case. In *Younghaus v. Lakey,* 559 S.W.2d 30 (Mo.App.1977), a decree of distribution determined a named individual was the decedent's adoptive sister and sole heir. In a subsequent declaratory judgment action, the decree of distribution was held to be conclusive on that issue. To hold, as this court does, that the decree of distribution conclusively determined the successors to the interest of Clara White Benthall to the two tracts of real property is consistent with *Younghaus.* The judgments of the trial court are affirmed.

CROW, P.J., GREENE, C.J., and FLANIGAN and PREWITT, JJ., concur.